Joshua M. Henderson (State Bar No. 197435)
Gokalp Y. Gurer (State Bar No. 311919)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone:  (415) 394-9400
Facsimile:  (415) 394-9401
E-mail:  Joshua.Henderson@jacksonlewis.com
E-mail:  Gokalp.Gurer@jacksonlewis.com

Attorneys for Defendants
EL REY SUPERMERCADO, SAIF HUSSEIN
AND FATHI HUSSEIN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY GOMEZ,<br><br>           Plaintiff,<br><br>     v.<br><br>EL REY SUPERMERCADO; a California corporation, SAIF HUSSEIN, an individual, FATHI HUSSEIN, an individual, and DOES 1 through 50, inclusive,<br><br>           Defendants. | Case No. _____<br><br>**DECLARATION OF JOSHUA M. HENDERSON IN SUPPORT OF NOTICE OF REMOVAL OF ACTION**<br><br>Complaint Filed:    12/22/2022<br>Trial Date:          None set |

I, JOSHUA M. HENDERSON, pursuant to 28 U.S.C. § 1746, declare under penalty of

perjury as follows:

1.       I am a principal with the law firm of Jackson Lewis P.C. and counsel for Defendants

El Rey Supermercado, Saif Hussein, and Fathi Hussein ("Defendants") in the above-captioned

matter.  I submit this declaration in support of Defendants' Notice of Removal.  The facts contained

in this declaration are true and correct, and they are based upon my personal knowledge.  If called

upon to do so, I could and would testify competently to the facts contained herein.

2.       On December 22, 2022, Plaintiff Ashley Gomez ("Plaintiff") filed a civil action

styled Ashley *Gomez v. El Rey Supermercado, a California corporation; Saif Hussein, an*

*individual; Fathi Hussein, an individual; and Does 1-50, inclusive.*, Case No. 22C-0448, in the Superior Court of the State of California, County of Kings (the "State Court Action").

3.      Attached hereto as Exhibit A is a true and correct copy of the Summons, dated December 22, 2022, filed in the State Court Action.

4.      Attached hereto as Exhibit B is a true and correct copy of the Complaint, dated December 22, 2022, filed in the State Court Action.

5.      Attached hereto as Exhibit C is a true and correct copy of the Civil Case Cover Sheet, dated December 22, 2022, filed in the State Court Action.

6.      On January 12, 2023, Defendant El Rey Supermercado received a copy of the Complaint and Summons.  Attached hereto as Exhibit D is a true and correct copy of the Complaint and Summons received by Defendant on January 12.

7.      Attached hereto as Exhibit E is a true and correct copy of the Answer, dated February 9, 2023, filed in the State Court Action.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 10th day of February, 2023 in San Francisco, California.

_____

JOSHUA M. HENDERSON

Declaration of Joshua M. Henderson in support of Notice of Removal
of Action to the USDC Eastern District of California          Case No. _____

# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

<div style="border:1px solid">
FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
12/22/2022 9:31 AM
Nocona Soboleski, Clerk of Court
Superior Court of the State of California
County of Kings

_Sandra Tafolla_ _____ Deputy
Sandra Tafolla
</div>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

El Rey Supermercado, a California corporation, Saif Hussein, an individual, Fathi Hussein, an individual, and Does 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Ashley Gomez

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero o bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* 22C-0448 |
|---|---|

Kings County Superior Court, 1640 Kings County Dr., Hanford, CA 93230

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christopher L. Ludmer, Esq. C L LUDMER, ALC, 11440 W. Bernardo Ct., Suite 300, San Diego, CA 92127, (619) 332.3370

DATE: 12/22/2022     Clerk Of Court, Nocona Soboleski, Clerk, by _____ , Deputy
*(Fecha)*     *(Secretario)*     _Sandra Tafolla_     *(Adjunto)*
Sandra Tafolla

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]
SUPERIOR COURT KINGS COUNTY STATE OF CALIFORNIA

**NOTICE TO THE PERSON SERVED:** You are served
1. [XX] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*
    under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courts.ca.gov |
|---|---|---|

# EXHIBIT B

12/22/2022 9:31 AM
Nocona Soboleski, Clerk of Court
Superior Court of the State of California
County of Kings

_Sandra Tafolla_ Deputy

Sandra Tafolla

Christopher L. Ludmer, Esq. (SBN 208411)
**C L LUDMER, A LAW CORPORATION**
11440 W. Bernardo Court
Suite 300
San Diego, California 92127
Ph: 619.332.3370
*chris@clludmer.com*

Attorneys for Plaintiff, ASHLEY GOMEZ

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF KINGS

ASHLEY GOMEZ,

    Plaintiff,

v.

EL REY SUPERMERCADO, a California corporation, SAIF HUSSEIN, an individual, FATHI HUSSEIN, an individual, and DOES 1 to 50, inclusive,

    Defendants.

Case No.  22C-0448

**COMPLAINT FOR DAMAGES FOR:**

**(1)** **Discrimination Based on Sex in Violation of FEHA (Cal. Gov't. Code § 12940(a)).**

**(2)** **Retaliation in Violation of FEHA (Cal. Gov't. Code § 12940(h)).**

**(3)** **Harassment in Violation of FEHA (Cal. Gov't. Code § 12940(j)).**

**(4)** **Failure to Prevent Discrimination, Retaliation and Harassment in Violation of FEHA (Cal. Gov't. Code § 12940(k)).**

**(5)** **Retaliation in Violation of Labor Code § 1102.5.**

**(6)** **Violation of Title VII, 42 U.S.C. § 2000e-2(a)(1) (Discrimination and Hostile Work Environment Based on Sex).**

**(7)** **Violation of Title VII, 42 U.S.C. § 2000e-3(a) (Discrimination and Retaliation for Opposing Discrimination and Harassment Based on Sex).**

**(8)** **Wrongful Termination/Constructive Termination in Violation of Public Policy.**

**(9)** **Violation of Labor Code § 1198.5.**

**(10)** **Failure to Pay Wages Upon Separation in Violation of Labor Code § 201.**

**DEMAND FOR JURY TRIAL**

Plaintiff, Ashley Gomez, alleges based on personal knowledge and/or information and belief:

## SUMMARY

This is an action by plaintiff, Ashley Gomez ("plaintiff" or "Ms. Gomez"), whose short employment with defendant El Rey Supermercado—characterized by constant sexual harassment and discrimination from the moment she started—was wrongfully terminated/constructively terminated in retaliation for her complaints about that discrimination and sexual harassment.

## PARTIES

1.   *Plaintiff*:  Plaintiff Ms. Gomez was, at all times mentioned in this Complaint, a resident of the County of Kings, California, and was employed by El Rey Supermercado in Hanford, California.

2.   *Defendants*:  Defendant El Rey Supermercado is, and at all times mentioned in this Complaint was, a California corporation located and operating in the County of Kings, California.  El Rey Supermercado has a business address of 10833 Hanford Armona Road, Hanford, California 93230. El Rey Supermercado employed Ms. Gomez from about July 28, 2020 to about August 8, 2020. Defendant Saif Hussein is the owner and Chief Executive Officer of El Rey Supermercado.  On information and belief, Saif Hussein works at several supermarkets he owns, including at El Rey Supermercado at 10833 Hanford Armona Road, Hanford, California.  On information and belief, Saif Hussein is also a resident of Kings County, California. Defendant Fathi Hussein, also known as "Omar," is, on information and belief, the son of Saif Hussein, and worked as a manager and supervisor of El Rey Supermercado in Hanford, California, and particularly as a manager and supervisor of plaintiff, Ms. Gomez.  On information and belief, Fathi Hussein is a resident of Kings County, California.

3.   *Doe defendants*:  Defendants Does 1 to 50, inclusive, are sued under fictitious names pursuant to Code of Civil Procedure section 474.  Plaintiff is informed and believes, and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in taking the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee, with the permission and

1    consent of the co-defendants.   The named defendants and Doe defendants are sometimes hereafter

2    referred to, collectively and/or individually, as "defendants."

3          4.     *Relationship of defendants*:  Plaintiff is informed and believes, and on that basis alleges,

4    that:   All defendants compelled, coerced, aided, and/or abetted the discrimination, retaliation, and

5    harassment alleged in this Complaint, which conduct is prohibited under California Government Code

6    section 12940(i) and other applicable laws.  All defendants were responsible for the events and damages

7    alleged herein, including on the following bases:  (a) defendants committed the acts alleged; (b) at all

8    relevant times, one or more of the defendants was the agent or employee, and/or acted under the control

9    or supervision, of one or more of the remaining defendants and, in committing the acts alleged, acted

10   within the course and scope of such agency and employment and/or is or are otherwise liable for

11   plaintiff's damages.   The actions of defendants were taken by employees, supervisors, executives,

12   officers, and/or directors during employment with El Rey Supermercado, were taken on behalf of all

13   defendants, and were engaged in, authorized, ratified, and approved of by all other defendants; and (c)

14   at all relevant times, on information and belief there existed a unity of ownership and interest between

15   or among two or more of the defendants such that any individuality and separateness between or among

16   those defendants has ceased, and defendants are the alter egos of one another.  Defendants exercised

17   domination and control over one another to such an extent that any individuality or separateness of

18   defendants does not, and at all times herein mentioned did not, exist.  Adherence to the fiction of the

19   separate existence of defendants would permit abuse of the corporate privilege and would sanction fraud

20   and promote injustice.  All actions of all defendants were taken by employees, supervisors, executives,

21   officers, and directors during employment with all defendants, were taken on behalf of all defendants,

22   and were engaged in, authorized, ratified, and approved of by all other defendants.

23         5.     El Rey Supermercado employed plaintiff Ms. Gomez, as defined in the Fair Employment

24   and Housing Act ("FEHA") at Government Code section 12926(d), and Title VII, 42 U.S.C. § 2000e *et*

25   *seq.*

26         6.     In addition, the defendants each compelled, coerced, and/or aided and abetted the

27   discrimination, harassment and retaliation, which is prohibited under California Government Code

28   section 12940(i).

7.     At all relevant times mentioned herein, all defendants acted as agents of all other defendants in committing the acts alleged herein.

## JURISDICTION, VENUE AND EXHAUSTION OF ADMINISTRATIVE REMEDIES

8.     *Jurisdiction and Venue*: The Kings County Superior Court has jurisdiction over all claims plead. The Kings County Superior Court is also the proper venue under, among other reasons, California Government Code section 12965(a) because the unlawful practices alleged herein were committed in the County of Kings, and because, on information and belief, the records relevant to these unlawful practices are maintained and administered by defendants at their office located in the city of Hanford, County of Kings.

9.     *Exhaustion of administrative remedies*: Prior to filing this action, plaintiff complied with and/or exhausted any applicable claims statutes and/or administrative and/or internal remedies and/or grievance procedures, and/or is excused from complying therewith. Plaintiff exhausted her administrative remedies by filing a timely administrative complaint with the California Civil Rights Department ("CRD") and receiving a CRD right-to-sue letter on December 17, 2022, as well as with the U.S. Equal Employment Opportunity Commission ("EEOC"), receiving an EEOC right-to-sue letter on September 27, 2022.

## FACTS COMMON TO ALL CAUSES OF ACTION

10.     *Plaintiff's hiring and termination*: Ms. Gomez is a woman (female) and was employed by El Rey Supermercado from about July 28, 2020 until about August 8, 2020, when she was wrongfully terminated/constructively terminated.

11.     *Plaintiff's job performance*: Throughout Ms. Gomez's brief employment with El Rey Supermercado, she performed her work competently and professionally.

12.     *Plaintiff's protected status and activity*:

a.     Ms. Gomez is a woman (female).

b.     Ms. Gomez complained of unlawful actions by defendants, including discrimination and harassment based on sex.

13.     *Defendants' adverse employment actions and behavior*:

CLLUDMER
11440 W. Bernardo Ct., SUITE 300
SAN DIEGO, CALIFORNIA 92127

1      a.     On about July 28, 2020, Ms. Gomez was hired and started work at El Rey Supermercado

2  in Hanford, California.   She was hired by defendant Fathi Hussein, who was called "Omar."  Fathi

3  Hussein is the son of the owner of El Rey Supermercado, defendant Saif Hussein.  Fathi Hussein

4  ("Omar") had the authority to, and did, hire Ms. Gomez, and direct and control her work, which he did.

5  He was, and acted as, a manager and supervisor of El Rey Supermercado.

6      b.    From almost the moment she started working, until she was wrongfully

7  terminated/constructively terminated, Ms. Gomez was subjected to sexually harassing gestures and

8  comments by Omar.

9      c.     Upon starting work, Ms. Gomez was provided a uniform T-shirt to wear for work.  It was

10  too large for her.  So on about July 29, 2020, Ms. Gomez saw Omar and asked him whether she could

11  have a smaller T-shirt that fit.  Omar agreed and provided a smaller work T-shirt to Ms. Gomez.  Ms.

12  Gomez then went into the employee bathroom and changed into the smaller T-shirt. Because there was

13  nowhere to leave the larger T-shirt she had been wearing, Ms. Gomez left it in the bathroom when she

14  exited.  When Omar saw Ms. Gomez come out of the bathroom, he went inside and then emerged holding

15  the T-shirt Ms. Gomez had been wearing.  Visibly so Ms. Gomez could see him, Omar then began

16  smelling the shirt, inhaling deeply, while at the same time winking his eye at Ms. Gomez, and saying

17  how good her shirt smelled.  Ms. Gomez was extremely uncomfortable at this, but it was her second

18  day of work and, given that Omar was the one who had hired her, she was afraid to say anything.

19      d.    The next day, on about July 30, 2020, Ms. Gomez was working at the register.  Omar

20  walked up to her register, very close to her, and just stood there for some time looking Ms. Gomez over

21  and telling her that she smelled good.  Again, this made Ms. Gomez extremely uncomfortable, was

22  distracting her from her work, and it intimated her.  Once again, she was afraid to say anything for fear

23  of retaliation.  She hoped it would stop.  It didn't.

24      e.    The following day, on about July 31, 2020, another employee was causing some issues.

25  Ms. Gomez asked another manager, Yuri Guerrero, and Omar whether she could be moved to a different

26  area.  Ms. Gomez told them that she did not want to be involved with another employee's work problems

27  because she really needed the job to support her family.  Omar then told Ms. Gomez that she was fine

28  because she had pretty eyes.  Things then got even worse.

f.      On about August 2, 2020, Ms. Gomez was working and then took a meal break. While she was on her break in the lunch area, Omar walked in and, gesturing toward Ms. Gomez, started grabbing and caressing his genitals through his clothing while lewdly staring at Ms. Gomez. Omar also made sexual faces at Ms. Gomez, and sexual gestures while erotically licking ice cream that he was holding in his other hand. When he saw how uncomfortable his sexual displays and advances made Ms. Gomez, Omar laughed at her. Ms. Gomez was forced to end her meal break early and walk out just to escape Omar. On the way out, Ms. Gomez told Omar that he was sick. Ms. Gomez was by now even more uncomfortable and felt even more frightened and intimidated. Omar knew how much she needed that job (she had told him so), and Ms. Gomez was worried that he might use that against her. But he was the owner's son, and she felt trapped.

g.      The next day, on about August 3, 2020, Ms. Gomez was again taking her break in the lunch area when Omar walked in. This time he was with his father, Saif Hussein. The two were talking about rearranging the lunch area. Then Saif Hussein walked into the restroom, leaving Ms. Gomez alone with Omar. Ms. Gomez then asked Omar what he and his father planned to do with rearranging the area. Omar stared at Ms. Gomez, and told her that he was going to build a playroom there to have fun in, winked at Ms. Gomez and made sexual faces at her. Omar, again holding ice cream and gesturing toward Ms. Gomez, started sucking and licking it in a sexual way. Once again, Ms. Gomez was forced to cut short her break, and left the lunch area. When she again on her way out complained to Omar that he was sick, he just laughed again.

h.      On about August 6, 2020, Ms. Gomez was at work helping another employee, a male, bag groceries. Ms. Gomez was told that Omar wanted to see her, so she went to the Casa de Cambio section of the store to see him. Omar told Ms. Gomez not to leave her register and told her, in a jealous manner, not to talk to her male co-worker, even though it was common practice—and a requirement— to help other employees that way when the store was not too busy. Indeed, when she was hired, Ms. Gomez was told by both Omar and Yuri Guerrero that if she wasn't busy with a customer or other task and saw that another co-worker could use some assistance, she should help them. Omar's hostile attitude confused Ms. Gomez, and was directed at her because she was a woman (she had never seen or heard Omar or anyone else give similar chastisement to a male employee for helping a co-worker) and out of

jealously.    Ms. Gomez returned to the male co-worker she was helping bag groceries and told him what Omar had said.    The male co-worker was shocked.    Ms. Gomez then complained to her male co-worker about the sexual advances, sexual comments and sexual gestures Omar had constantly been making toward her.

i.    Shortly thereafter, on about August 8, 2020, Ms. Gomez simply could not work under those severe and pervasive hostile conditions anymore.    She built up the courage to complain directly to Omar, hoping that his constant, almost daily sexual harassment would stop.    Coming into work, Ms. Gomez asked to speak to Omar, and he agreed.    The two went into Yuri Guerrero's empty office (she was away at the time).    Ms. Gomez then told Omar to please respect her and to stop his harassment of her.    Omar immediately got angry and demanded to know what Ms. Gomez meant.    Ms. Gomez told Omar it was about his constant sexual advances, gestures, and comments to her, and she told him that she wanted it to stop.    Omar got even angrier, yelling "Fuck! Fuck! Fuck!"    Omar then angrily told Ms. Gomez that he should never have hired her.    Shocked and even more frightened and upset, Ms. Gomez told Omar that no one could work that way subjected to such harassment.    Ms. Gomez reiterated that she was happily married and came to work because she had to provide for her family and should not have to put up with such treatment.    In response, Omar told Ms. Gomez that it wasn't going to work out, and that she was fired.

j.    Right after telling Ms. Gomez that she was fired, Omar then told Ms. Gomez that she could pick up her final check on Monday, August 10, 2020—more than two days later.    Ms. Gomez protested, saying that if she was fired than she needed her check right away.    Omar simply said that he didn't have it.    Ms. Gomez told Omar that she still wanted and needed to work, but that no one could work while being treated like that, and he wouldn't be able to run a business like that.    Omar angrily snapped that he wasn't afraid of any "fucking lawyers."    Omar then called Yuri Guerrero, who briefly spoke to Ms. Gomez, telling her to come back on Monday to pick up her final check.

k.    The following Monday, about August 10, 2022, Ms. Gomez returned to El Rey Supermercado with her daughter to pick up her late final paycheck after she had been fired on August 8, 2020.    Yuri Guerrero told Ms. Gomez that Omar could not fire her, but Ms. Gomez pointed out that Omar was the person who hired her, was the owner's son, and bossed her and others around as he was

-7-
COMPLAINT FOR DAMAGES

in charge. Indeed, from the date Omar had hired Ms. Gomez, it was clear to her that Omar was the one who really controlled the employees and activities at the store, and that his father, Saif Hussein, knew about it and approved of it. Ms. Gomez told Yuri Guerrero how stressful and hostile it had been working around Omar, and that being forced to put up with his constant sexual remarks, sexual gestures and discrimination (no men were treated that way) was not worth any paycheck and she could no longer put up with Omar's sexual harassment. In response, Yuri Guerrero said that Omar had done this before to female employees, several times, and that he was "bien picaro," meaning essentially a big naughty flirt or rogue. Yuri Guerrero also admitted that if Omar didn't stop he was going to get into trouble. Ms. Gomez then asked why Omar was so angry at being asked to simply stop his harassment of her. It was because, Ms. Guerrero explained, no one had ever confronted Omar before about his harassment of female employees, and that Ms. Gomez had been the first one ever to tell him to stop, which Omar did not like. Ms. Gomez then told Yuri Guerrero that leaving was never her intention because she really needed the job. At that point, Yuri Guerrero had Ms. Gomez sign some papers, telling Ms. Gomez that she had to sign them to receive her final paycheck. Needing that final paycheck (which she should have been given two days prior when she was fired) and having no choice but to sign, Ms. Gomez acquiesced, and then left.

## FIRST CAUSE OF ACTION

### (Discrimination Based on Sex in Violation of FEHA (Cal. Gov't. Code § 12940(a))—Against Defendants El Rey Supermercado and Saif Hussein, and Does 1 to 50, Inclusive)

14.    The allegations set forth in paragraphs 1 through 13 are realleged and incorporated herein by reference.

15.    Plaintiff's sex, a female, protected by FEHA, Government Code section 12900, *et seq.*, was a substantial motivating factor in defendants' decision not to retain, hire, promote, or otherwise employ plaintiff in any position, to harass her, and/or to take other adverse employment action, including employment termination or constructive termination, against plaintiff.

16.    Defendants' conduct, as alleged, violated FEHA, Government Code section 12900, *et seq.*, and defendants committed unlawful employment practices, including by the following separate bases for liability:

      a.    Barring, discharging, refusing to transfer, retain, hire, select, and/or employ, and/or otherwise discriminating against plaintiff, as well as subjecting her to harassment, in whole or in part on the basis of plaintiff's sex, in violation of Government Code section 12940(a);

      b.    Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation on the basis of sex, in violation of Government Code section 12940(k);

      c.    Retaliating against plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to recognize such rights, including the right to be free of discrimination and harassment, in violation of Government Code section 12940(h).

17.    As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has sustained losses of earnings and other employment benefits, according to proof.

18.    As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, pain and anguish, all to her damage in a sum according to proof.

19.    The aforementioned conduct by defendants was intentional discrimination, with the intention on the part of defendants of thereby depriving plaintiff of property, legal rights or otherwise causing injury and was intentional, despicable and malicious conduct that subjected plaintiff to cruel and unjust hardship in conscious disregard of her rights, so as to justify an award of exemplary and punitive damages.

20.    Plaintiff has incurred and continues to incur legal expenses, costs and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

## SECOND CAUSE OF ACTION

### (Retaliation in Violation of FEHA (Cal. Gov't. Code § 12940(h))
### —Against Defendants El Rey Supermercado, Saif Hussein, and Does 1 to 50, Inclusive)

21.    The allegations set forth in paragraphs 1 through 20 are realleged and incorporated herein by reference.

22.    Plaintiff opposed and complained about unlawful discrimination and harassment by defendants against herself. Plaintiff's opposition and complaints, protected by FEHA, Government Code

section 12900, *et seq.*, were substantial motivating factors in defendants' decision to terminate/the constructive termination of, plaintiff's employment, and their decision not to retain, or otherwise employ plaintiff in any position, and/or to take other adverse job actions against plaintiff.

23.     Defendants' conduct, as alleged, violated FEHA, Government Code section 12900, *et seq.*, and defendants committed unlawful employment practices, including by the following, separate bases for liability:

a.      Discharging, barring, refusing retain and/or employ, and/or otherwise discriminating against plaintiff, in whole or in part on the basis of plaintiff's sex, complaints of discrimination and harassment, and other protected characteristics, in violation of Government Code section 12940(a);

b.      Harassing plaintiff and/or creating a hostile work environment, in whole or in part on the basis of plaintiff's sex, in violation of Government Code section 12940(j);

c.      Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation based on sex, in violation of Government Code section 12940(k);

d.      Retaliating against plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to provide such rights, including the right to be free of discrimination, retaliation or harassment, on behalf of herself and others, in violation of Government Code section 12940(h).

24.     As a proximate result of defendants' willful, knowing, and intentional retaliation against plaintiff, plaintiff has sustained substantial losses of earnings and other employment benefits.

25.     As a proximate result of defendants' willful, knowing, and intentional retaliation against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental pain and anguish, all to his damage in a sum according to proof.

26.     The aforementioned conduct by defendants was intentional retaliation and discrimination, with the intention on the part of defendants of thereby depriving plaintiff of property, legal rights or otherwise causing injury and was intentional, despicable and malicious conduct that subjected plaintiff to cruel and unjust hardship in conscious disregard of her rights, so as to justify an award of exemplary and punitive damages.

27.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

### THIRD CAUSE OF ACTION

### (Harassment in Violation of FEHA (Cal. Gov't. Code § 12940(j)) — Against All Defendants)

28.     The allegations set forth in paragraphs 1 through 27 are realleged and incorporated herein by reference.

29.     Defendants' conduct, as alleged, violated FEHA, Government Code section 12900, *et seq.*, and defendants committed unlawful employment practices, including by the following bases for liability:

a.      Harassing plaintiff, creating a pervasive and severely hostile work environment, unreasonably interfering with plaintiff's work performance, creating an intimidating, hostile, or offensive working environment, and/or making it more difficult for plaintiff to do her job, in whole or in part on the basis of plaintiff's sex and/or other protected characteristics and activities, in violation of Government Code section 12940(j);

b.      Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation based on plaintiff's sex and/or other protected characteristics and activities, in violation of Government Code section 12940(k).

30.     As a proximate result of defendants' willful, knowing, and intentional harassment of plaintiff, plaintiff has sustained substantial losses of earnings and other employment benefits.

31.     As a proximate result of defendants' willful, knowing, and intentional harassment of plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental pain and anguish, all to her damage in a sum according to proof.

32.     The aforementioned conduct by defendants was intentional harassment, discrimination, and retaliation with the intention on the part of defendants of thereby depriving plaintiff of property and legal rights, subjecting her to a hostile work environment, treating her as a mere sexual object, or otherwise causing injury and was intentional, despicable and malicious conduct that subjected plaintiff

CLLUDMER
11440 W. Bernardo Ct., Suite 300
SAN DIEGO, CALIFORNIA 92127

to cruel and unjust hardship in conscious disregard of her rights, so as to justify an award of exemplary and punitive damages.

33.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

## FOURTH CAUSE OF ACTION

**(Failure to Prevent Discrimination, Retaliation and Harassment in Violation of FEHA (Cal. Gov't. Code § 12940(k))—Against Defendants El Rey Supermercado, Saif Hussein, and Does 1 to 50, Inclusive)**

34.    The allegations set forth in paragraphs 1 through 33 are realleged and incorporated herein by reference.

35.    At all times herein mentioned, FEHA, Government Code section 12940(k), was in full force and effect and was binding on defendants. This statute states that it is an unlawful employment practice in California for an employer "to fail to take all reasonable steps necessary to prevent" discrimination, harassment, and retaliation from occurring.

36.    During the course of plaintiff's employment, defendants failed to prevent their employees, managers, supervisors and/or agents from engaging in intentional actions that resulted in plaintiff's being treated less favorably because of plaintiff's protected status (i.e., her sex and her complaints of discrimination and harassment). During plaintiff's employment, defendants failed to prevent their employees, managers, supervisors and/or agents from engaging in unjustified and unlawful employment practices against employees in such protected classes. During plaintiff's employment, defendants failed to prevent a pattern and practice by their employees, managers, supervisors and/or agents of intentional discrimination, retaliation and harassment on the bases sex and plaintiff's complaints of discrimination and harassment.

37.    Plaintiff's sex and her complaints of discrimination and harassment were substantial motivating factors in the discrimination, harassment, and retaliation against her.

38.    As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has sustained substantial losses of earnings and other employment benefits.

CLLUDMER
11440 W. Bernardo Ct., Suite 300
San Diego, California 92127

39.     As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and pain and anguish, all to her damage in a sum according to proof.

40.     The aforementioned conduct by defendants was intentional retaliation, harassment, and discrimination, with the intention on the part of defendants of thereby depriving plaintiff of property, subjecting her to a hostile work environment, depriving her of legal rights or otherwise causing injury and was intentional, despicable and malicious conduct that subjected plaintiff to cruel and unjust hardship in conscious disregard of her rights, so as to justify an award of exemplary and punitive damages.

41.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

### FIFTH CAUSE OF ACTION

#### (Retaliation in Violation of Labor Code § 1102.5
—Against Defendants El Rey Supermercado, Saif Hussein, and Does 1 to 50, Inclusive)

42.     The allegations set forth in paragraphs 1 through 41 are realleged and incorporated herein by reference.

43.     At all relevant times, Labor Code section 1102.5 was in effect and was binding on defendants. This statute prohibits defendants from retaliating against any employee, including plaintiff, for raising complaints of illegality, or complaints of what plaintiff reasonably believed constituted violations of or noncompliance with state or federal statutes, rules or regulations.

44.     Plaintiff raised complaints of illegality and/or of what she reasonably believed constituted illegality while she worked for defendants, and defendants retaliated against her by discriminating against her, harassing her, and taking adverse employment actions, including employment termination, against her.

45.     As a proximate result of defendants' willful, knowing, and intentional violations of Labor Code section 1102.5, plaintiff has suffered and continues to suffer humiliation, emotional distress, and pain and anguish, all to her damage in a sum according to proof.

48.     As a result of defendants' adverse employment actions against plaintiff, plaintiff has suffered economic damages in sums according to proof.

49.     The aforementioned conduct by defendants was intentional retaliation, with the intention on the part of defendants of thereby depriving plaintiff of property, legal rights or otherwise causing injury and was intentional, despicable and malicious conduct that subjected plaintiff to cruel and unjust hardship in conscious disregard of her rights, so as to justify an award of exemplary and punitive damages.

50.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Labor Code section 1102.5(j), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

## SIXTH CAUSE OF ACTION

**(Violation of Title VII, 42 U.S.C. § 2000e-2(a)(1) (Discrimination and Hostile Work Environment Harassment Based on Sex (Female)—Against Defendants El Rey Supermercado, Saif Hussein, and Does 1 to 50, Inclusive)**

51.     The allegations set forth in paragraphs 1 through 50 are realleged and incorporated herein by reference.

52.     Defendants subjected female employees, including Ms. Gomez, and including female employees before Ms. Gomez, to a sexually hostile work environment and disparate terms and conditions of employment, because they were female. This includes but is not limited to unwelcome sexual and demeaning comments, unwanted sexual overtures, ogling female employees, sexually explicit gestures like touching and fondling male genitalia and sniffing female clothing, ridiculing the obvious discomfort by female employees subjected to such activities, reprimanding female employees for doing their jobs while leaving male employees alone, failing to respond to complaints of sexual harassment, and retaliation against female employees who complained.

53.     Defendants allowed managers, supervisors, and employees, including, but not limited to, Fathi Hussein, to verbally and physically (through overt sexual gestures like fondling genitalia, for example) harass female employees based on their sex, including offensive and unwelcome conduct and statements.

54. The discriminatory and harassing conduct alleged above was sufficiently severe or pervasive to alter the terms or conditions of employment for female employees, including Ms. Gomez.

55. Defendant's managers and supervisors who engaged in and/or failed to correct unlawful employment practices, including but not limited to Fathi Hussein and Yuri Guerrero, had authority to take tangible employment actions against female employees, including Ms. Gomez.

56. Defendants are vicariously liable for sex-based discrimination and/or harassment of female employees by its managers and supervisors; this includes, without limitation, Fathi Hussein and Yuri Guerrero.

57. Since well before the start of Ms. Gomez's employment in July 2020, Defendants knew or should have known about the sexually hostile work environment for women that existed at Defendants' place of business.

58. Defendants received multiple complaints about the sexually hostile work environment for female employees, as further alleged above.

59. Despite having actual and/or constructive knowledge of the sexually hostile work environment, Defendants failed to act to prevent further discrimination and/or harassment based on sex (female).

60. Defendants failed to take timely action to correct or remedy the existing hostile work environment and/or to prevent future discrimination against and/or harassment of female employees because of their sex.

61. Defendants failed to exercise reasonable care to halt or prevent statements and conduct that were unwelcome and offensive based on sex, by its employees and/or others in its work environment.

62. The effect of the practices complained of above has been to deprive Ms. Gomez and other female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their female sex.

63. The unlawful employment practices complained of above were intentional.

64. The unlawful employment practices complained of above were done with malice or with reckless indifference to the legally protected rights of Ms. Gomez and other female employees.

65.     The unlawful employment practices complained of above constituted a hostile work environment in the totality of circumstances. The alleged discrimination and harassment based on sex (female) constitutes discrimination and a hostile work environment, either by itself and/or in combination with discriminatory or unlawful acts such as retaliation.

**SEVENTH CAUSE OF ACTION**

**(Violation of Title VII, 42 U.S.C. § 2000e-3(a) (Discrimination and Retaliation for Opposing Discrimination and Harassment Based on Sex)—Against Defendants El Rey Supermercado, Saif Hussein, and Does 1 to 50, Inclusive)**

66.     The allegations set forth in paragraphs 1 through 65 are realleged and incorporated herein by reference.

67.     Since at least July 2020, Defendants have engaged in unlawful retaliatory employment practices in violation of Title VII, 42 U.S.C. § 2000e-3(a).

68.     Since at least August 2020, Ms. Gomez opposed the discriminatory and harassing conduct based on sex (female) by reporting or complaining to Defendants' managers and supervisors about the conduct.

69.     Defendants subjected Ms. Gomez to adverse employment actions, including without limitation, retaliatory discharge, further hostile work environment, and/or constructive discharge, because of her opposition to unlawful employment practices.

70.     Defendants' retaliatory acts include, without limitation, those alleged in Paragraphs 13(i)–(k) above.

71.     The effect of the practices complained of above has been to deprive Ms. Gomez of equal employment opportunities and otherwise adversely affect her status as an employee because she opposed unlawful employment practices.

72.     The unlawful retaliatory employment practices complained of above were intentional.

73.     The unlawful retaliatory employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Ms. Gomez who was an employee of Defendants.

## EIGHTH CAUSE OF ACTION

**(Wrongful Termination/Constructive Termination in Violation of Public Policy —Against Defendants El Rey Supermercado, Saif Hussein, and Does 1 to 50, Inclusive)**

74.     The allegations set forth in paragraphs 1 through 73 are realleged and incorporated herein by reference.

75.     Defendants terminated or constructively terminated Ms. Gomez's employment in violation of various fundamental public policies underlying state and federal laws.  Specifically, Ms. Gomez's employment was terminated or constructively terminated because of her protected status (good faith complaints of illegality, opposition to discrimination and harassment, and her sex [female]).  These actions by defendants were in violation of California's fundamental public policy of ensuring a discrimination, harassment, and retaliation-free work environment for all employees, for example as found in the FEHA, the California Constitution, and California Labor Code section 1102.5, among other statutes and policies.

76.     As a proximate result of defendants' wrongful termination or constructive termination of Ms. Gomez's employment in violation of fundamental public policies, Ms. Gomez has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

77.     As a result of defendants' wrongful termination or constructive termination of her employment, Ms. Gomez has suffered economic damages in sums according to proof.

78.     Defendants' wrongful termination or constructive termination of Ms. Gomez's employment was done intentionally, in a malicious, fraudulent, despicable, oppressive manner, entitling Ms. Gomez to punitive damages.

79.     Ms. Gomez has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Code of Civil Procedure sections 1021.5 and 1032, *et seq.*, plaintiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof.

//

//

//

# NINTH CAUSE OF ACTION

### (Violation of Cal. Labor Code § 1198.5—Against Defendants El Rey Supermercado, Saif Hussein, and Does 1 to 50, Inclusive)

80.     The allegations set forth in paragraphs 1 through 79 are realleged and incorporated herein by reference.

81.     Employers in California are required to "maintain a copy of each employee's personnel records" and make a current or former "employee's personnel records available for inspection, and, if requested by the employee or his or her representative, provide a copy thereof."  Cal. Labor Code § 1198.5(c)(1)-(3).  "Every current and former employee, or his or her representative, has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee." Cal. Labor Code § 1198.5(a).

82.     Employers are required to "make the contents of those personnel records available for inspection to the current or former employee, or his or her representative, at reasonable intervals and at reasonable times, but not later than 30 calendar days from the date the employer receives a written request." Cal. Labor Code§ 1198.5(b)(l).

83.     Defendants were Ms. Gomez's employer from on or about July 28, 2020 through about August 8, 2020. Ms. Gomez—through her attorneys and in writing—requested her personnel records on October 18, 2022 from Defendants.  Defendants wrongfully refused, and continue to wrongfully refuse, to provide copies of, or an opportunity to inspect, any personnel records pertaining to Ms. Gomez.

84.     Ms. Gomez has been prejudiced in her efforts to obtain relief by her inability to access critical employment information.

85.     Defendants have violated California Labor Code section 1198.5 by failing to provide employee personnel records or an opportunity to inspect within thirty (30) days of the initial request. As a result, Ms. Gomez is entitled to recover the seven-hundred- and fifty-dollar ($750) penalty from Defendants provided by Labor Code section 1198.5(k). Ms. Gomez is also entitled to injunctive relief to ensure compliance with this statute under Labor Code section 1198.5(l), and to recover her costs and reasonable attorneys' fees according to proof.

### TENTH CAUSE OF ACTION

**(Failure to Pay Wages Upon Separation in Violation of Labor Code § 201—Against Defendants El Rey Supermercado, Saif Hussein, and Does 1 to 50, Inclusive)**

86.    The allegations set forth in paragraphs 1 through 85 are realleged and incorporated herein by reference.

87.    Labor Code § 201 requires Defendants to pay all compensation due to a terminated employee like Ms. Gomez immediately at the time her employment ended.   Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required under Labor Code § 201, then the employer is liable for penalties in the form of continued compensation for up to thirty (30) workdays.

88.    Defendants willfully failed to pay Ms. Gomez all compensation due upon termination of employment as required under Labor Code § 201.   As a result, Defendants are liable to Ms. Gomez for penalties pursuant to Labor Code § 203, in a sum according to proof.


### PRAYER

**WHEREFORE,** plaintiff, Ashley Gomez, prays for judgment against defendants, and each of them, as follows:

a.    For economic and non-economic damages (including emotional distress) according to proof, but not less than the jurisdictional minimum of this Court (i.e., in excess of $25,000);

b.    For pre-judgment and post-judgment interest on all damages awarded;

c.    For reasonable attorneys' fees;

d.    For costs of suit incurred;

e.    For an award of any penalties available under applicable laws;

f.    For an award of punitive damages;

g.    For injunctive relief under Labor Code section 1198.5(l); and

h.    For such other and further relief as the Court may deem just and proper.

1    **ADDITIONALLY**, plaintiff, Ashley Gomez, demands trial of this matter by jury.  The amount

2    demanded exceeds $25,000.00.

3

4

Dated:  December 22, 2022                           C L LUDMER, A LAW CORPORATION

5

6                                                   By:  _____

7                                                        Christopher L. Ludmer, Esq.

8                                                   Attorneys for Plaintiff,

9                                                   ASHLEY GOMEZ

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# GENERAL INFORMATION ABOUT ADR

## Introduction to Alternative Dispute Resolution

Did you know that most civil lawsuits settle without a trial? And did you know that there are a number of ways to resolve civil disputes without having to sue somebody? These alternatives to a lawsuit are known as alternative dispute resolution (also called ADR). The most common forms of ADR are mediation, arbitration, and neutral evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. In mediation, for example, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through court-connected and community dispute resolution programs and private neutrals.

## Advantages of Alternative Dispute Resolution

ADR can have a number of advantages over a lawsuit:

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorney fees, and expert witness fees can be saved.

- **ADR can permit more participation.** With ADR, the parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them.

- **ADR can be cooperative.** In mediation, for example, the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, cheaper, and can create an atmosphere in which the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute instead of filing a lawsuit. Even when a lawsuit has been filed, ADR can be used before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of Alternative Dispute Resolution

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure and review for legal error by an appellate court.

There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

The neutral may charge a fee for his or her services.

If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitations. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# Three Common Types of Alternative Dispute Resolution

This section describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

### Mediation

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved; the parties do.

Mediation is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how they each see things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or has unequal bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

### Arbitration

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records) rather than by testimony.

There are two kinds of arbitration in California: (1) Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and is normally binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. (2) "Judicial arbitration" takes place within the court process and is not binding unless the parties agree at the outset to be bound. A party to this kind of arbitration who does not like a judicial arbitration award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to decide on the outcome of their dispute themselves.

### Neutral Evaluation

In evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments and makes an evaluation of the case. Each party gets a chance to present his or her side and hear the other side. This may lead to a settlement or at least help the parties prepare to resolve the dispute later on. If the neutral evaluation does not resolve the dispute, the parties may go to court or try another form of ADR.

Neutral evaluation, like mediation, can come early in the dispute and save time and money.

Neutral evaluation is most effective when a party has an unrealistic view of the dispute, when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Neutral evaluation may not be a good idea when it is too soon to tell what the case is worth or if the dispute is about something besides money, like a neighbor playing loud music late at night.

**Other Types of Alternative Dispute Resolution**

There are several other types of ADR besides mediation, arbitration, and neutral evaluation. Some of these are conciliation, settlement conferences, fact-finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR methods. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney about your legal rights and other matters relating to the dispute.

## Help Finding an Alternative Dispute Resolution Program (Mediation) in Your Community

To locate a dispute resolution program or private neutral in your community:

- **Visit the California Department of Consumer Affairs' Web site.** The Department of Consumer Affairs (also called the DCA) has posted a list of conflict resolution programs throughout the state. The list can be found at http://www.dca.ca.gov/r_r/mediati1.htm

  You can also call the Department of Consumer Affairs, Consumer Information Center, at 800-952-5210.

- **Contact your county's small claims court legal advisor.** You can find a list of small claims legal advisors for most counties in the Small Claims Court section of this Self-Help Center.

- **Contact your local bar association.** You can find a list of local bar associations in California on the State Bar Web site at http://www.calbar.org/2lin/2bar.htm.

  If you cannot find a bar association for your area on the State Bar Web site, check the yellow pages of your telephone book under "Associations."

- **Look in the yellow pages of your telephone book under "Arbitrators" or "Mediators."**

- **Automotive Repair, Smog Check:** The **California Bureau of Automotive Repair** (also known as BAR) offers a free mediation service for consumers who are dissatisfied with an auto repair or a smog check, or who dispute an invoice for such services. BAR registers and regulates California automotive repair facilities and licenses smog, lamp, and brake inspection stations. Learn more at http://smogcheck.ca.gov/smogweb/geninfo/otherinfo/mediation.htm or call 800-952-5210.

- **Burglar Alarm Companies, Cemetery/Funeral, Electronic and Appliance Repair, Firearms/Baton Training Facilities/Instructors, Home Furnishings and Thermal Insulation, Locksmith Companies, Private Investigators, Private Patrol Operators, Repossession Agencies, Security Guards:** The **California Department of Consumer Affairs** offers a complaint mediation program for all consumer complaints filed against California businesses regulated in the areas of: cemetery and funeral, electronic and appliance repair, home furnishings and thermal insulation, and security and investigative services. Learn more at http://www.complainthelp.dca.ca.gov or call 800-952-5210.

- **Attorney Fees:** The **State Bar of California** administers a mandatory fee arbitration program to resolve attorney fee disputes between lawyers and their clients. The program is an informal, low-cost forum and is mandatory for a lawyer if a client requests it. Mediation of attorney fees disputes may also be available in some areas of California. Learn more at http://www.calbar.org/2bar/3arb/3arbndx.htm or call 415-538-2020.

# EXHIBIT C

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Christopher L. Ludmer, Esq. (208142)
11440 W. Bernardo Ct., Suite 300, San Diego, CA 92127

TELEPHONE NO.: 619.332.3370   FAX NO. *(Optional):*
E-MAIL ADDRESS: chris@clludmer.com
ATTORNEY FOR *(Name):* Plaintiff, Ashley Gomez

**FOR COURT USE ONLY**

FILED
12/22/2022 9:31 AM
Nocona Soboleski, Clerk of Court
Superior Court of the State of California
County of Kings

*Sandra Tafolla* _____ Deputy
Sandra Tafolla

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF KINGS**
STREET ADDRESS: 1640 Kings County Dr.
MAILING ADDRESS: 1640 Kings COunty Dr.
CITY AND ZIP CODE: Hanford, CA 93230
BRANCH NAME: Kings Superior Court

CASE NAME:
Ashely Gomez v. El Rey Supermercado, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 22C-0448 |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000) · [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder <br> Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: <br> DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* Ten (10)
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 22, 2022

Christopher L. Ludmer, Esq.
_____
(TYPE OR PRINT NAME)          ▶          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

# EXHIBIT D

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express® shipments.
Misuses may be a violation of federal law. This package is not for resale. EP13F © U.S. Postal Service, July 2022. All rights reserved.

R2305H129978-01

076 647 996 US

94111



**UNITED STATES POSTAL SERVICE®**

**PRIORITY MAIL EXPRESS®**

RECEIVED
FEB 06 2023
By _____

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT)    PHONE (   )

El Rey Supermercado
Hanford CA 93620

**DELIVERY OPTIONS (Customer Use Only)**

☐ SIGNATURE REQUIRED *Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

Delivery Options
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT)    PHONE (   )

Josh Henderson
Jackson Lewis PC 50 California
st. 9th floor San Francisco CA 94111

ZIP + 4® (U.S. ADDRESSES ONLY)

94111

**ORIGIN (POSTAL SERVICE USE ONLY)**

PO ZIP Code: 93220

Date Accepted (MM/DD/YY): 2/6/23

Time Accepted: 11:22 ☑ AM ☐ PM

Scheduled Delivery Date (MM/DD/YY): 2/4/23

Postage: $ 28.75

☐ 1-Day   ☑ 2-Day   ☐ Military   ☐ DPO

Scheduled Delivery Time: ☐ 12 Noon ☐ 3:00 PM

Insurance Fee    COD Fee
$    $

Return Receipt Fee    Live Animal Transportation Fee
$    $

Total Postage & Fees: $ 28.75

**PAYMENT BY ACCOUNT (if applicable)**
USPS® Corporate Acct. No.
Federal Agency Acct. No. or Postal Service™ Acct. No.

Weight: _____ lbs. _____ ozs.

Flat Rate ☑

Special Handling/Fragile: $

Sunday/Holiday Premium Fee: $

Acceptance Employee Initials: CO

**DELIVERY (POSTAL SERVICE USE ONLY)**

Delivery Attempt (MM/DD/YY)    Time    ☐ AM ☐ PM

Delivery Attempt (MM/DD/YY)    Time    ☐ AM ☐ PM

Employee Signature

Employee Signature

LABEL 11-B, MAY 2021    PSN 7690-02-000-9996

**UNITED STATES POSTAL SERVICE®**

UNITED STATES POSTAL SERVICE

**PRIORITY MAIL EXPRESS®**

FLAT RATE ENVELOPE

ONE RATE ■ ANY WEIGHT

Schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.



EP13F July 2022
OD: 12 1/2 x 9 1/2

PS10001000006

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td></td><td>

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
12/22/2022 9:31 AM
Nocona Soboleski, Clerk of Court
Superior Court of the State of California
County of Kings

 Deputy

Sandra Tafolla
</td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

El Rey Supermercado, a California corporation, Saif Hussein, an individual, Fathi Hussein, an individual, and Does 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Ashley Gomez

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Kings County Superior Court, 1640 Kings County Dr., Hanford, CA 93230
</td><td>

CASE NUMBER:
*(Número del Caso):*

22C-0448
</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Christopher L. Ludmer, Esq. C L LUDMER, ALC, 11440 W. Bernardo Ct., Suite 300, San Diego, CA 92127, (619) 332.3370

<table>
<tr><td>

DATE: 12/22/2022
*(Fecha)*
</td><td>Clerk Of Court, Nocona Soboleski Clerk, by
*(Secretario)*</td><td>, Deputy
*(Adjunto)*

Sandra Tafolla</td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

<table>
<tr><td>

[SEAL]

*(Superior Court seal — Kings, State of California)*
</td><td>

**NOTICE TO THE PERSON SERVED:** You are served

1. [xx] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:

3. [ ] on behalf of *(specify)*:

   under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
         [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
         [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
         [ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*:
</td></tr>
</table>

Page 1 of 1

<table>
<tr><td>

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
</td><td>**SUMMONS**</td><td>

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*
</td></tr>
</table>

FILED
12/22/2022 9:31 AM
Nocona Soboleski, Clerk of Court
Superior Court of the State of California
County of Kings

_____ Deputy
Sandra Tafolla

1  Christopher L. Ludmer, Esq. (SBN 208411)
2  **C L LUDMER, A LAW CORPORATION**
   11440 W. Bernardo Court
3  Suite 300
   San Diego, California 92127
4  Ph: 619.332.3370
   *chris@clludmer.com*
5

6  Attorneys for Plaintiff, ASHLEY GOMEZ

7            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8              **IN AND FOR THE COUNTY OF KINGS**

9  ASHLEY GOMEZ,                    Case No.  22C-0448

10            Plaintiff,            **COMPLAINT FOR DAMAGES FOR:**

11  v.                             **(1)** **Discrimination Based on Sex**
                                        **in Violation of FEHA (Cal. Gov't. Code §**
12                                      **12940(a)).**

13  EL REY SUPERMERCADO, a California  **(2)** **Retaliation in Violation of FEHA (Cal.**
    corporation, SAIF HUSSEIN, an individual,      **Gov't. Code § 12940(h)).**
14  FATHI HUSSEIN, an individual, and  **(3)** **Harassment in Violation of FEHA**
    DOES 1 to 50, inclusive,             **(Cal. Gov't. Code § 12940(j)).**
15
                                    **(4)** **Failure to Prevent Discrimination,**
16            Defendants.               **Retaliation and Harassment in Violation of**
                                        **FEHA (Cal. Gov't. Code § 12940(k)).**
17
                                    **(5)** **Retaliation in Violation of Labor Code §**
18                                      **1102.5.**

19                                  **(6)** **Violation of Title VII, 42 U.S.C. § 2000e-**
                                        **2(a)(1) (Discrimination and Hostile Work**
20                                      **Environment Based on Sex).**

21                                  **(7)** **Violation of Title VII, 42 U.S.C. § 2000e-**
                                        **3(a) (Discrimination and Retaliation for**
22                                      **Opposing Discrimination and Harassment**
                                        **Based on Sex).**
23
                                    **(8)** **Wrongful Termination/Constructive**
24                                      **Termination in Violation of Public Policy.**

25                                  **(9)** **Violation of Labor Code § 1198.5.**

26                                  **(10)** **Failure to Pay Wages Upon Separation in**
                                         **Violation of Labor Code § 201.**

27                                  **DEMAND FOR JURY TRIAL**

28

_____
                    COMPLAINT FOR DAMAGES

Plaintiff, Ashley Gomez, alleges based on personal knowledge and/or information and belief:

### SUMMARY

This is an action by plaintiff, Ashley Gomez ("plaintiff" or "Ms. Gomez"), whose short employment with defendant El Rey Supermercado—characterized by constant sexual harassment and discrimination from the moment she started—was wrongfully terminated/constructively terminated in retaliation for her complaints about that discrimination and sexual harassment.

### PARTIES

1. *Plaintiff*: Plaintiff Ms. Gomez was, at all times mentioned in this Complaint, a resident of the County of Kings, California, and was employed by El Rey Supermercado in Hanford, California.

2. *Defendants*: Defendant El Rey Supermercado is, and at all times mentioned in this Complaint was, a California corporation located and operating in the County of Kings, California. El Rey Supermercado has a business address of 10833 Hanford Armona Road, Hanford, California 93230. El Rey Supermercado employed Ms. Gomez from about July 28, 2020 to about August 8, 2020. Defendant Saif Hussein is the owner and Chief Executive Officer of El Rey Supermercado. On information and belief, Saif Hussein works at several supermarkets he owns, including at El Rey Supermercado at 10833 Hanford Armona Road, Hanford, California. On information and belief, Saif Hussein is also a resident of Kings County, California. Defendant Fathi Hussein, also known as "Omar," is, on information and belief, the son of Saif Hussein, and worked as a manager and supervisor of El Rey Supermercado in Hanford, California, and particularly as a manager and supervisor of plaintiff, Ms. Gomez. On information and belief, Fathi Hussein is a resident of Kings County, California.

3. *Doe defendants*: Defendants Does 1 to 50, inclusive, are sued under fictitious names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in taking the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee, with the permission and

1  consent of the co-defendants.  The named defendants and Doe defendants are sometimes hereafter

2  referred to, collectively and/or individually, as "defendants."

3       4.      *Relationship of defendants*:  Plaintiff is informed and believes, and on that basis alleges,

4  that:  All defendants compelled, coerced, aided, and/or abetted the discrimination, retaliation, and

5  harassment alleged in this Complaint, which conduct is prohibited under California Government Code

6  section 12940(i) and other applicable laws.  All defendants were responsible for the events and damages

7  alleged herein, including on the following bases:  (a) defendants committed the acts alleged; (b) at all

8  relevant times, one or more of the defendants was the agent or employee, and/or acted under the control

9  or supervision, of one or more of the remaining defendants and, in committing the acts alleged, acted

10  within the course and scope of such agency and employment and/or is or are otherwise liable for

11  plaintiff's damages.  The actions of defendants were taken by employees, supervisors, executives,

12  officers, and/or directors during employment with El Rey Supermercado, were taken on behalf of all

13  defendants, and were engaged in, authorized, ratified, and approved of by all other defendants; and (c)

14  at all relevant times, on information and belief there existed a unity of ownership and interest between

15  or among two or more of the defendants such that any individuality and separateness between or among

16  those defendants has ceased, and defendants are the alter egos of one another.  Defendants exercised

17  domination and control over one another to such an extent that any individuality or separateness of

18  defendants does not, and at all times herein mentioned did not, exist.  Adherence to the fiction of the

19  separate existence of defendants would permit abuse of the corporate privilege and would sanction fraud

20  and promote injustice.  All actions of all defendants were taken by employees, supervisors, executives,

21  officers, and directors during employment with all defendants, were taken on behalf of all defendants,

22  and were engaged in, authorized, ratified, and approved of by all other defendants.

23       5.      El Rey Supermercado employed plaintiff Ms. Gomez, as defined in the Fair Employment

24  and Housing Act ("FEHA") at Government Code section 12926(d), and Title VII, 42 U.S.C. § 2000e *et*

25  *seq.*

26       6.      In addition, the defendants each compelled, coerced, and/or aided and abetted the

27  discrimination, harassment and retaliation, which is prohibited under California Government Code

28  section 12940(i).

7.     At all relevant times mentioned herein, all defendants acted as agents of all other defendants in committing the acts alleged herein.

**JURISDICTION, VENUE AND EXHAUSTION OF ADMINISTRATIVE REMEDIES**

8.     *Jurisdiction and Venue*: The Kings County Superior Court has jurisdiction over all claims plead. The Kings County Superior Court is also the proper venue under, among other reasons, California Government Code section 12965(a) because the unlawful practices alleged herein were committed in the County of Kings, and because, on information and belief, the records relevant to these unlawful practices are maintained and administered by defendants at their office located in the city of Hanford, County of Kings.

9.     *Exhaustion of administrative remedies*: Prior to filing this action, plaintiff complied with and/or exhausted any applicable claims statutes and/or administrative and/or internal remedies and/or grievance procedures, and/or is excused from complying therewith. Plaintiff exhausted her administrative remedies by filing a timely administrative complaint with the California Civil Rights Department ("CRD") and receiving a CRD right-to-sue letter on December 17, 2022, as well as with the U.S. Equal Employment Opportunity Commission ("EEOC"), receiving an EEOC right-to-sue letter on September 27, 2022.

**FACTS COMMON TO ALL CAUSES OF ACTION**

10.     *Plaintiff's hiring and termination*:   Ms. Gomez is a woman (female) and was employed by El Rey Supermercado from about July 28, 2020 until about August 8, 2020, when she was wrongfully terminated/constructively terminated.

11.     *Plaintiff's job performance*: Throughout Ms. Gomez's brief employment with El Rey Supermercado, she performed her work competently and professionally.

12.     *Plaintiff's protected status and activity*:

a.     Ms. Gomez is a woman (female).

b.     Ms. Gomez complained of unlawful actions by defendants, including discrimination and harassment based on sex.

13.     *Defendants' adverse employment actions and behavior*:

a.      On about July 28, 2020, Ms. Gomez was hired and started work at El Rey Supermercado in Hanford, California.   She was hired by defendant Fathi Hussein, who was called "Omar."  Fathi Hussein is the son of the owner of El Rey Supermercado, defendant Saif Hussein.  Fathi Hussein ("Omar") had the authority to, and did, hire Ms. Gomez, and direct and control her work, which he did. He was, and acted as, a manager and supervisor of El Rey Supermercado.

b.      From almost the moment she started working, until she was wrongfully terminated/constructively terminated, Ms. Gomez was subjected to sexually harassing gestures and comments by Omar.

c.      Upon starting work, Ms. Gomez was provided a uniform T-shirt to wear for work. It was too large for her.  So on about July 29, 2020, Ms. Gomez saw Omar and asked him whether she could have a smaller T-shirt that fit.  Omar agreed and provided a smaller work T-shirt to Ms. Gomez.  Ms. Gomez then went into the employee bathroom and changed into the smaller T-shirt. Because there was nowhere to leave the larger T-shirt she had been wearing, Ms. Gomez left it in the bathroom when she exited.  When Omar saw Ms. Gomez come out of the bathroom, he went inside and then emerged holding the T-shirt Ms. Gomez had been wearing.  Visibly so Ms. Gomez could see him, Omar then began smelling the shirt, inhaling deeply, while at the same time winking his eye at Ms. Gomez, and saying how good her shirt smelled.   Ms. Gomez was extremely uncomfortable at this, but it was her second day of work and, given that Omar was the one who had hired her, she was afraid to say anything.

d.      The next day, on about July 30, 2020, Ms. Gomez was working at the register.  Omar walked up to her register, very close to her, and just stood there for some time looking Ms. Gomez over and telling her that she smelled good.  Again, this made Ms. Gomez extremely uncomfortable, was distracting her from her work, and it intimated her.  Once again, she was afraid to say anything for fear of retaliation.  She hoped it would stop.  It didn't.

e.      The following day, on about July 31, 2020, another employee was causing some issues. Ms. Gomez asked another manager, Yuri Guerrero, and Omar whether she could be moved to a different area.  Ms. Gomez told them that she did not want to be involved with another employee's work problems because she really needed the job to support her family.  Omar then told Ms. Gomez that she was fine because she had pretty eyes.   Things then got even worse.

f.       On about August 2, 2020, Ms. Gomez was working and then took a meal break.  While she was on her break in the lunch area, Omar walked in and, gesturing toward Ms. Gomez, started grabbing and caressing his genitals through his clothing while lewdly staring at Ms. Gomez.  Omar also made sexual faces at Ms. Gomez, and sexual gestures while erotically licking ice cream that he was holding in his other hand.  When he saw how uncomfortable his sexual displays and advances made Ms. Gomez, Omar laughed at her.  Ms. Gomez was forced to end her meal break early and walk out just to escape Omar.  On the way out, Ms. Gomez told Omar that he was sick.  Ms. Gomez was by now even more uncomfortable and felt even more frightened and intimidated.  Omar knew how much she needed that job (she had told him so), and Ms. Gomez was worried that he might use that against her.  But he was the owner's son, and she felt trapped.

g.       The next day, on about August 3, 2020, Ms. Gomez was again taking her break in the lunch area when Omar walked in.  This time he was with his father, Saif Hussein.  The two were talking about rearranging the lunch area.  Then Saif Hussein walked into the restroom, leaving Ms. Gomez alone with Omar.  Ms. Gomez then asked Omar what he and his father planned to do with rearranging the area.  Omar stared at Ms. Gomez, and told her that he was going to build a playroom there to have fun in, winked at Ms. Gomez and made sexual faces at her.   Omar, again holding ice cream and gesturing toward Ms. Gomez, started sucking and licking it in a sexual way.  Once again, Ms. Gomez was forced to cut short her break, and left the lunch area.  When she again on her way out complained to Omar that he was sick, he just laughed again.

h.       On about August 6, 2020, Ms. Gomez was at work helping another employee, a male, bag groceries.  Ms. Gomez was told that Omar wanted to see her, so she went to the Casa de Cambio section of the store to see him.  Omar told Ms. Gomez not to leave her register and told her, in a jealous manner, not to talk to her male co-worker, even though it was common practice—and a requirement— to help other employees that way when the store was not too busy.  Indeed, when she was hired, Ms. Gomez was told by both Omar and Yuri Guerrero that if she wasn't busy with a customer or other task and saw that another co-worker could use some assistance, she should help them.  Omar's hostile attitude confused Ms. Gomez, and was directed at her because she was a woman (she had never seen or heard Omar or anyone else give similar chastisement to a male employee for helping a co-worker) and out of

1    jealously.  Ms. Gomez returned to the male co-worker she was helping bag groceries and told him what

2    Omar had said.  The male co-worker was shocked.  Ms. Gomez then complained to her male co-worker

3    about the sexual advances, sexual comments and sexual gestures Omar had constantly been making

4    toward her.

5          i.     Shortly thereafter, on about August 8, 2020, Ms. Gomez simply could not work under

6    those severe and pervasive hostile conditions anymore.  She built up the courage to complain directly to

7    Omar, hoping that his constant, almost daily sexual harassment would stop.  Coming into work, Ms.

8    Gomez asked to speak to Omar, and he agreed.   The two went into Yuri Guerrero's empty office (she

9    was away at the time).  Ms. Gomez then told Omar to please respect her and to stop his harassment of

10   her.  Omar immediately got angry and demanded to know what Ms. Gomez meant.  Ms. Gomez told

11   Omar it was about his constant sexual advances, gestures, and comments to her, and she told him that

12   she wanted it to stop.  Omar got even angrier, yelling "Fuck! Fuck! Fuck!"  Omar then angrily told Ms.

13   Gomez that he should never have hired her.  Shocked and even more frightened and upset, Ms. Gomez

14   told Omar that no one could work that way subjected to such harassment.  Ms. Gomez reiterated that she

15   was happily married and came to work because she had to provide for her family and should not have to

16   put up with such treatment.   In response, Omar told Ms. Gomez that it wasn't going to work out, and

17   that she was fired.

18         j.     Right after telling Ms. Gomez that she was fired, Omar then told Ms. Gomez that she

19   could pick up her final check on Monday, August 10, 2020—more than two days later. Ms. Gomez

20   protested, saying that if she was fired than she needed her check right away.  Omar simply said that he

21   didn't have it.  Ms. Gomez told Omar that she still wanted and needed to work, but that no one could

22   work while being treated like that, and he wouldn't be able to run a business like that.  Omar angrily

23   snapped that he wasn't afraid of any "fucking lawyers."   Omar then called Yuri Guerrero, who briefly

24   spoke to Ms. Gomez, telling her to come back on Monday to pick up her final check.

25         k.     The following Monday, about August 10, 2022, Ms. Gomez returned to El Rey

26   Supermercado with her daughter to pick up her late final paycheck after she had been fired on August 8,

27   2020.  Yuri Guerrero told Ms. Gomez that Omar could not fire her, but Ms. Gomez pointed out that

28   Omar was the person who hired her, was the owner's son, and bossed her and others around as he was

1   in charge.  Indeed, from the date Omar had hired Ms. Gomez, it was clear to her that Omar was the one

2   who really controlled the employees and activities at the store, and that his father, Saif Hussein, knew

3   about it and approved of it.  Ms. Gomez told Yuri Guerrero how stressful and hostile it had been working

4   around Omar, and that being forced to put up with his constant sexual remarks, sexual gestures and

5   discrimination (no men were treated that way) was not worth any paycheck and she could no longer put

6   up with Omar's sexual harassment.  In response, Yuri Guerrero said that Omar had done this before to

7   female employees, several times, and that he was "bien picaro," meaning essentially a big naughty flirt

8   or rogue.  Yuri Guerrero also admitted that if Omar didn't stop he was going to get into trouble.  Ms.

9   Gomez then asked why Omar was so angry at being asked to simply stop his harassment of her.  It was

10  because, Ms. Guerrero explained, no one had ever confronted Omar before about his harassment of

11  female employees, and that Ms. Gomez had been the first one ever to tell him to stop, which Omar did

12  not like.  Ms. Gomez then told Yuri Guerrero that leaving was never her intention because she really

13  needed the job.  At that point, Yuri Guerrero had Ms. Gomez sign some papers, telling Ms. Gomez that

14  she had to sign them to receive her final paycheck.  Needing that final paycheck (which she should have

15  been given two days prior when she was fired) and having no choice but to sign, Ms. Gomez acquiesced,

16  and then left.

## FIRST CAUSE OF ACTION

### (Discrimination Based on Sex in Violation of FEHA (Cal. Gov't. Code § 12940(a))—Against Defendants El Rey Supermercado and Saif Hussein, and Does 1 to 50, Inclusive)

20      14.     The allegations set forth in paragraphs 1 through 13 are realleged and incorporated herein

21  by reference.

22      15.     Plaintiff's sex, a female, protected by FEHA, Government Code section 12900, *et seq.*,

23  was a substantial motivating factor in defendants' decision not to retain, hire, promote, or otherwise

24  employ plaintiff in any position, to harass her, and/or to take other adverse employment action, including

25  employment termination or constructive termination, against plaintiff.

26      16.     Defendants' conduct, as alleged, violated FEHA, Government Code section 12900, *et*

27  *seq.*, and defendants committed unlawful employment practices, including by the following separate

28  bases for liability:

a.      Barring, discharging, refusing to transfer, retain, hire, select, and/or employ, and/or otherwise discriminating against plaintiff, as well as subjecting her to harassment, in whole or in part on the basis of plaintiff's sex, in violation of Government Code section 12940(a);

b.      Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation on the basis of sex, in violation of Government Code section 12940(k);

c.      Retaliating against plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to recognize such rights, including the right to be free of discrimination and harassment, in violation of Government Code section 12940(h).

17.     As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has sustained losses of earnings and other employment benefits, according to proof.

18.     As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, pain and anguish, all to her damage in a sum according to proof.

19.     The aforementioned conduct by defendants was intentional discrimination, with the intention on the part of defendants of thereby depriving plaintiff of property, legal rights or otherwise causing injury and was intentional, despicable and malicious conduct that subjected plaintiff to cruel and unjust hardship in conscious disregard of her rights, so as to justify an award of exemplary and punitive damages.

20.     Plaintiff has incurred and continues to incur legal expenses, costs and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

## SECOND CAUSE OF ACTION

### (Retaliation in Violation of FEHA (Cal. Gov't. Code § 12940(h))
### —Against Defendants El Rey Supermercado, Saif Hussein, and Does 1 to 50, Inclusive)

21.     The allegations set forth in paragraphs 1 through 20 are realleged and incorporated herein by reference.

22.     Plaintiff opposed and complained about unlawful discrimination and harassment by defendants against herself. Plaintiff's opposition and complaints, protected by FEHA, Government Code

-9-

1   section 12900, *et seq.*, were substantial motivating factors in defendants' decision to terminate/the

2   constructive termination of, plaintiff's employment, and their decision not to retain, or otherwise employ

3   plaintiff in any position, and/or to take other adverse job actions against plaintiff.

4       23.    Defendants' conduct, as alleged, violated FEHA, Government Code section 12900, *et*

5   *seq.*, and defendants committed unlawful employment practices, including by the following, separate

6   bases for liability:

7           a.    Discharging, barring, refusing retain and/or employ, and/or otherwise

8   discriminating against plaintiff, in whole or in part on the basis of plaintiff's sex, complaints of

9   discrimination and harassment, and other protected characteristics, in violation of Government Code

10  section 12940(a);

11          b.    Harassing plaintiff and/or creating a hostile work environment, in whole or in part

12  on the basis of plaintiff's sex, in violation of Government Code section 12940(j);

13          c.    Failing to take all reasonable steps to prevent discrimination, harassment, and

14  retaliation based on sex, in violation of Government Code section 12940(k);

15          d.    Retaliating against plaintiff for seeking to exercise rights guaranteed under FEHA

16  and/or opposing defendants' failure to provide such rights, including the right to be free of

17  discrimination, retaliation or harassment, on behalf of herself and others, in violation of Government

18  Code section 12940(h).

19      24.    As a proximate result of defendants' willful, knowing, and intentional retaliation against

20  plaintiff, plaintiff has sustained substantial losses of earnings and other employment benefits.

21      25.    As a proximate result of defendants' willful, knowing, and intentional retaliation against

22  plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental pain

23  and anguish, all to his damage in a sum according to proof.

24      26.    The aforementioned conduct by defendants was intentional retaliation and discrimination,

25  with the intention on the part of defendants of thereby depriving plaintiff of property, legal rights or

26  otherwise causing injury and was intentional, despicable and malicious conduct that subjected plaintiff

27  to cruel and unjust hardship in conscious disregard of her rights, so as to justify an award of exemplary

28  and punitive damages.

27.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

### THIRD CAUSE OF ACTION

### (Harassment in Violation of FEHA (Cal. Gov't. Code § 12940(j)) — Against All Defendants)

28.     The allegations set forth in paragraphs 1 through 27 are realleged and incorporated herein by reference.

29.     Defendants' conduct, as alleged, violated FEHA, Government Code section 12900, *et seq.*, and defendants committed unlawful employment practices, including by the following bases for liability:

a.     Harassing plaintiff, creating a pervasive and severely hostile work environment, unreasonably interfering with plaintiff's work performance, creating an intimidating, hostile, or offensive working environment, and/or making it more difficult for plaintiff to do her job, in whole or in part on the basis of plaintiff's sex and/or other protected characteristics and activities, in violation of Government Code section 12940(j);

b.     Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation based on plaintiff's sex and/or other protected characteristics and activities, in violation of Government Code section 12940(k).

30.     As a proximate result of defendants' willful, knowing, and intentional harassment of plaintiff, plaintiff has sustained substantial losses of earnings and other employment benefits.

31.     As a proximate result of defendants' willful, knowing, and intentional harassment of plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental pain and anguish, all to her damage in a sum according to proof.

32.     The aforementioned conduct by defendants was intentional harassment, discrimination, and retaliation with the intention on the part of defendants of thereby depriving plaintiff of property and legal rights, subjecting her to a hostile work environment, treating her as a mere sexual object, or otherwise causing injury and was intentional, despicable and malicious conduct that subjected plaintiff

CLLUDMER
11440 W. BERNARDO CL., SUITE 300
SAN DIEGO, CALIFORNIA 92127

1  to cruel and unjust hardship in conscious disregard of her rights, so as to justify an award of exemplary

2  and punitive damages.

3      33.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant

4  to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs

5  (including expert costs) in an amount according to proof.

<div align="center">

**FOURTH CAUSE OF ACTION**

**(Failure to Prevent Discrimination, Retaliation and Harassment in Violation of FEHA (Cal. Gov't. Code § 12940(k))—Against Defendants El Rey Supermercado, Saif Hussein, and Does 1 to 50, Inclusive)**

</div>

9      34.    The allegations set forth in paragraphs 1 through 33 are realleged and incorporated herein

10  by reference.

11      35.    At all times herein mentioned, FEHA, Government Code section 12940(k), was in full

12  force and effect and was binding on defendants. This statute states that it is an unlawful employment

13  practice in California for an employer "to fail to take all reasonable steps necessary to prevent"

14  discrimination, harassment, and retaliation from occurring.

15      36.    During the course of plaintiff's employment, defendants failed to prevent their

16  employees, managers, supervisors and/or agents from engaging in intentional actions that resulted in

17  plaintiff's being treated less favorably because of plaintiff's protected status (i.e., her sex and her

18  complaints of discrimination and harassment). During plaintiff's employment, defendants failed to

19  prevent their employees, managers, supervisors and/or agents from engaging in unjustified and unlawful

20  employment practices against employees in such protected classes. During plaintiff's employment,

21  defendants failed to prevent a pattern and practice by their employees, managers, supervisors and/or

22  agents of intentional discrimination, retaliation and harassment on the bases sex and plaintiff's

23  complaints of discrimination and harassment.

24      37.    Plaintiff's sex and her complaints of discrimination and harassment were substantial

25  motivating factors in the discrimination, harassment, and retaliation against her.

26      38.    As a proximate result of defendants' willful, knowing, and intentional misconduct,

27  plaintiff has sustained substantial losses of earnings and other employment benefits.

28

<div align="center">

-12-

COMPLAINT FOR DAMAGES

</div>

39.    As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and pain and anguish, all to her damage in a sum according to proof.

40.    The aforementioned conduct by defendants was intentional retaliation, harassment, and discrimination, with the intention on the part of defendants of thereby depriving plaintiff of property, subjecting her to a hostile work environment, depriving her of legal rights or otherwise causing injury and was intentional, despicable and malicious conduct that subjected plaintiff to cruel and unjust hardship in conscious disregard of her rights, so as to justify an award of exemplary and punitive damages.

41.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

## FIFTH CAUSE OF ACTION

### (Retaliation in Violation of Labor Code § 1102.5
—Against Defendants El Rey Supermercado, Saif Hussein, and Does 1 to 50, Inclusive)

42.    The allegations set forth in paragraphs 1 through 41 are realleged and incorporated herein by reference.

43.    At all relevant times, Labor Code section 1102.5 was in effect and was binding on defendants. This statute prohibits defendants from retaliating against any employee, including plaintiff, for raising complaints of illegality, or complaints of what plaintiff reasonably believed constituted violations of or noncompliance with state or federal statutes, rules or regulations.

44.    Plaintiff raised complaints of illegality and/or of what she reasonably believed constituted illegality while she worked for defendants, and defendants retaliated against her by discriminating against her, harassing her, and taking adverse employment actions, including employment termination, against her.

45.    As a proximate result of defendants' willful, knowing, and intentional violations of Labor Code section 1102.5, plaintiff has suffered and continues to suffer humiliation, emotional distress, and pain and anguish, all to her damage in a sum according to proof.

48.     As a result of defendants' adverse employment actions against plaintiff, plaintiff has suffered economic damages in sums according to proof.

49.     The aforementioned conduct by defendants was intentional retaliation, with the intention on the part of defendants of thereby depriving plaintiff of property, legal rights or otherwise causing injury and was intentional, despicable and malicious conduct that subjected plaintiff to cruel and unjust hardship in conscious disregard of her rights, so as to justify an award of exemplary and punitive damages.

50.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Labor Code section 1102.5(j), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

## SIXTH CAUSE OF ACTION

**(Violation of Title VII, 42 U.S.C. § 2000e-2(a)(1) (Discrimination and Hostile Work Environment Harassment Based on Sex (Female)—Against Defendants El Rey Supermercado, Saif Hussein, and Does 1 to 50, Inclusive)**

51.     The allegations set forth in paragraphs 1 through 50 are realleged and incorporated herein by reference.

52.     Defendants subjected female employees, including Ms. Gomez, and including female employees before Ms. Gomez, to a sexually hostile work environment and disparate terms and conditions of employment, because they were female. This includes but is not limited to unwelcome sexual and demeaning comments, unwanted sexual overtures, ogling female employees, sexually explicit gestures like touching and fondling male genitalia and sniffing female clothing, ridiculing the obvious discomfort by female employees subjected to such activities, reprimanding female employees for doing their jobs while leaving male employees alone, failing to respond to complaints of sexual harassment, and retaliation against female employees who complained.

53.     Defendants allowed managers, supervisors, and employees, including, but not limited to, Fathi Hussein, to verbally and physically (through overt sexual gestures like fondling genitalia, for example) harass female employees based on their sex, including offensive and unwelcome conduct and statements.

C.LLUD.MER
11440 W. BERNARDO CT., SUITE 300
SAN DIEGO, CALIFORNIA 92127

54.     The discriminatory and harassing conduct alleged above was sufficiently severe or pervasive to alter the terms or conditions of employment for female employees, including Ms. Gomez.

55.     Defendant's managers and supervisors who engaged in and/or failed to correct unlawful employment practices, including but not limited to Fathi Hussein and Yuri Guerrero, had authority to take tangible employment actions against female employees, including Ms. Gomez.

56.     Defendants are vicariously liable for sex-based discrimination and/or harassment of female employees by its managers and supervisors; this includes, without limitation, Fathi Hussein and Yuri Guerrero.

57.     Since well before the start of Ms. Gomez's employment in July 2020, Defendants knew or should have known about the sexually hostile work environment for women that existed at Defendants' place of business.

58.     Defendants received multiple complaints about the sexually hostile work environment for female employees, as further alleged above.

59.     Despite having actual and/or constructive knowledge of the sexually hostile work environment, Defendants failed to act to prevent further discrimination and/or harassment based on sex (female).

60.     Defendants failed to take timely action to correct or remedy the existing hostile work environment and/or to prevent future discrimination against and/or harassment of female employees because of their sex.

61.     Defendants failed to exercise reasonable care to halt or prevent statements and conduct that were unwelcome and offensive based on sex, by its employees and/or others in its work environment.

62.     The effect of the practices complained of above has been to deprive Ms. Gomez and other female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their female sex.

63.     The unlawful employment practices complained of above were intentional.

64.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the legally protected rights of Ms. Gomez and other female employees.

65.     The unlawful employment practices complained of above constituted a hostile work environment in the totality of circumstances. The alleged discrimination and harassment based on sex (female) constitutes discrimination and a hostile work environment, either by itself and/or in combination with discriminatory or unlawful acts such as retaliation.

## SEVENTH CAUSE OF ACTION

**(Violation of Title VII, 42 U.S.C. § 2000e-3(a) (Discrimination and Retaliation for Opposing Discrimination and Harassment Based on Sex)—Against Defendants El Rey Supermercado, Saif Hussein, and Does 1 to 50, Inclusive)**

66.     The allegations set forth in paragraphs 1 through 65 are realleged and incorporated herein by reference.

67.     Since at least July 2020, Defendants have engaged in unlawful retaliatory employment practices in violation of Title VII, 42 U.S.C. § 2000e-3(a).

68.     Since at least August 2020, Ms. Gomez opposed the discriminatory and harassing conduct based on sex (female) by reporting or complaining to Defendants' managers and supervisors about the conduct.

69.     Defendants subjected Ms. Gomez to adverse employment actions, including without limitation, retaliatory discharge, further hostile work environment, and/or constructive discharge, because of her opposition to unlawful employment practices.

70.     Defendants' retaliatory acts include, without limitation, those alleged in Paragraphs 13(i)–(k) above.

71.     The effect of the practices complained of above has been to deprive Ms. Gomez of equal employment opportunities and otherwise adversely affect her status as an employee because she opposed unlawful employment practices.

72.     The unlawful retaliatory employment practices complained of above were intentional.

73.     The unlawful retaliatory employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Ms. Gomez who was an employee of Defendants.

## EIGHTH CAUSE OF ACTION

**(Wrongful Termination/Constructive Termination in Violation of Public Policy —Against Defendants El Rey Supermercado, Saif Hussein, and Does 1 to 50, Inclusive)**

74.     The allegations set forth in paragraphs 1 through 73 are realleged and incorporated herein by reference.

75.     Defendants terminated or constructively terminated Ms. Gomez's employment in violation of various fundamental public policies underlying state and federal laws. Specifically, Ms. Gomez's employment was terminated or constructively terminated because of her protected status (good faith complaints of illegality, opposition to discrimination and harassment, and her sex [female]). These actions by defendants were in violation of California's fundamental public policy of ensuring a discrimination, harassment, and retaliation-free work environment for all employees, for example as found in the FEHA, the California Constitution, and California Labor Code section 1102.5, among other statutes and policies.

76.     As a proximate result of defendants' wrongful termination or constructive termination of Ms. Gomez's employment in violation of fundamental public policies, Ms. Gomez has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

77.     As a result of defendants' wrongful termination or constructive termination of her employment, Ms. Gomez has suffered economic damages in sums according to proof.

78.     Defendants' wrongful termination or constructive termination of Ms. Gomez's employment was done intentionally, in a malicious, fraudulent, despicable, oppressive manner, entitling Ms. Gomez to punitive damages.

79.     Ms. Gomez has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Code of Civil Procedure sections 1021.5 and 1032, *et seq.*, plaintiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof.

//

//

//

## NINTH CAUSE OF ACTION

**(Violation of Cal. Labor Code § 1198.5—Against Defendants El Rey Supermercado, Saif Hussein, and Does 1 to 50, Inclusive)**

80.     The allegations set forth in paragraphs 1 through 79 are realleged and incorporated herein by reference.

81.     Employers in California are required to "maintain a copy of each employee's personnel records" and make a current or former "employee's personnel records available for inspection, and, if requested by the employee or his or her representative, provide a copy thereof." Cal. Labor Code § 1198.5(c)(1)-(3). "Every current and former employee, or his or her representative, has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee." Cal. Labor Code § 1198.5(a).

82.     Employers are required to "make the contents of those personnel records available for inspection to the current or former employee, or his or her representative, at reasonable intervals and at reasonable times, but not later than 30 calendar days from the date the employer receives a written request." Cal. Labor Code§ 1198.5(b)(l).

83.     Defendants were Ms. Gomez's employer from on or about July 28, 2020 through about August 8, 2020. Ms. Gomez—through her attorneys and in writing—requested her personnel records on October 18, 2022 from Defendants. Defendants wrongfully refused, and continue to wrongfully refuse, to provide copies of, or an opportunity to inspect, any personnel records pertaining to Ms. Gomez.

84.     Ms. Gomez has been prejudiced in her efforts to obtain relief by her inability to access critical employment information.

85.     Defendants have violated California Labor Code section 1198.5 by failing to provide employee personnel records or an opportunity to inspect within thirty (30) days of the initial request. As a result, Ms. Gomez is entitled to recover the seven-hundred- and fifty-dollar ($750) penalty from Defendants provided by Labor Code section 1198.5(k). Ms. Gomez is also entitled to injunctive relief to ensure compliance with this statute under Labor Code section 1198.5(l), and to recover her costs and reasonable attorneys' fees according to proof.

## TENTH CAUSE OF ACTION

### (Failure to Pay Wages Upon Separation in Violation of Labor Code § 201—Against Defendants El Rey Supermercado, Saif Hussein, and Does 1 to 50, Inclusive)

86. The allegations set forth in paragraphs 1 through 85 are realleged and incorporated herein by reference.

87. Labor Code § 201 requires Defendants to pay all compensation due to a terminated employee like Ms. Gomez immediately at the time her employment ended. Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required under Labor Code § 201, then the employer is liable for penalties in the form of continued compensation for up to thirty (30) workdays.

88. Defendants willfully failed to pay Ms. Gomez all compensation due upon termination of employment as required under Labor Code § 201. As a result, Defendants are liable to Ms. Gomez for penalties pursuant to Labor Code § 203, in a sum according to proof.

### PRAYER

WHEREFORE, plaintiff, Ashley Gomez, prays for judgment against defendants, and each of them, as follows:

a. For economic and non-economic damages (including emotional distress) according to proof, but not less than the jurisdictional minimum of this Court (i.e., in excess of $25,000);

b. For pre-judgment and post-judgment interest on all damages awarded;

c. For reasonable attorneys' fees;

d. For costs of suit incurred;

e. For an award of any penalties available under applicable laws;

f. For an award of punitive damages;

g. For injunctive relief under Labor Code section 1198.5(l); and

h. For such other and further relief as the Court may deem just and proper.

**ADDITIONALLY**, plaintiff, Ashley Gomez, demands trial of this matter by jury.  The amount demanded exceeds $25,000.00.


Dated:  December 22, 2022                    C L LUDMER, A LAW CORPORATION

                                            By:  _____
                                                 Christopher L. Ludmer, Esq.

                                            Attorneys for Plaintiff,
                                            ASHLEY GOMEZ

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Christopher L. Ludmer, Esq. (298847)
11440 W. Bernardo Ct., Suite 300, San Diego, CA 92127

TELEPHONE NO.: 619.332.3370       FAX NO. *(Optional):*
E-MAIL ADDRESS: chris@clludmer.com
ATTORNEY FOR *(Name):* Plaintiff, Ashley Gomez

*FOR COURT USE ONLY*

**FILED**
12/22/2022 9:31 AM
Nocona Soboleski, Clerk of Court
Superior Court of the State of California
County of Kings

*Jenny N. M.* Deputy
Sandra Tafolla

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KINGS
STREET ADDRESS: 1640 Kings County Dr.
MAILING ADDRESS: 1640 Kings COunty Dr.
CITY AND ZIP CODE: Hanford, CA 93230
BRANCH NAME: Kings Superior Court

CASE NAME:
Ashely Gomez v. El Rey Supermercado, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER 22C-0448 |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) — [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* Ten (10)
5. This case [ ] is  [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 22, 2022

Christopher L. Ludmer, Esq.
(TYPE OR PRINT NAME)                    ► (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California    **CIVIL CASE COVER SHEET**    Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

# GENERAL INFORMATION ABOUT ADR

## Introduction to Alternative Dispute Resolution

Did you know that most civil lawsuits settle without a trial? And did you know that there are a number of ways to resolve civil disputes without having to sue somebody? These alternatives to a lawsuit are known as alternative dispute resolution (also called ADR). The most common forms of ADR are mediation, arbitration, and neutral evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. In mediation, for example, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through court-connected and community dispute resolution programs and private neutrals.

## Advantages of Alternative Dispute Resolution

ADR can have a number of advantages over a lawsuit:

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorney fees, and expert witness fees can be saved.

- **ADR can permit more participation.** With ADR, the parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them.

- **ADR can be cooperative.** In mediation, for example, the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, cheaper, and can create an atmosphere in which the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute instead of filing a lawsuit. Even when a lawsuit has been filed, ADR can be used before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of Alternative Dispute Resolution

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure and review for legal error by an appellate court.

There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

The neutral may charge a fee for his or her services.

If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitations. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## Three Common Types of Alternative Dispute Resolution

This section describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

### *Mediation*

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved; the parties do.

Mediation is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how they each see things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or has unequal bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

### *Arbitration*

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records) rather than by testimony.

There are two kinds of arbitration in California: (1) Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and is normally binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. (2) "Judicial arbitration" takes place within the court process and is not binding unless the parties agree at the outset to be bound. A party to this kind of arbitration who does not like a judicial arbitration award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to decide on the outcome of their dispute themselves.

### *Neutral Evaluation*

In evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments and makes an evaluation of the case. Each party gets a chance to present his or her side and hear the other side. This may lead to a settlement or at least help the parties prepare to resolve the dispute later on. If the neutral evaluation does not resolve the dispute, the parties may go to court or try another form of ADR.

Neutral evaluation, like mediation, can come early in the dispute and save time and money.

Neutral evaluation is most effective when a party has an unrealistic view of the dispute, when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Neutral evaluation may not be a good idea when it is too soon to tell what the case is worth or if the dispute is about something besides money, like a neighbor playing loud music late at night.

## Other Types of Alternative Dispute Resolution

There are several other types of ADR besides mediation, arbitration, and neutral evaluation. Some of these are conciliation, settlement conferences, fact-finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR methods. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney about your legal rights and other matters relating to the dispute.

## Help Finding an Alternative Dispute Resolution Program (Mediation) in Your Community

To locate a dispute resolution program or private neutral in your community:

- **Visit the California Department of Consumer Affairs' Web site.** The Department of Consumer Affairs (also called the DCA) has posted a list of conflict resolution programs throughout the state. The list can be found at http://www.dca.ca.gov/r_r/mediati1.htm

  You can also call the Department of Consumer Affairs, Consumer Information Center, at 800-952-5210.

- **Contact your county's small claims court legal advisor.** You can find a list of small claims legal advisors for most counties in the Small Claims Court section of this Self-Help Center.

- **Contact your local bar association.** You can find a list of local bar associations in California on the State Bar Web site at http://www.calbar.org/2lin/2bar.htm.

  If you cannot find a bar association for your area on the State Bar Web site, check the yellow pages of your telephone book under "Associations."

- **Look in the yellow pages of your telephone book under "Arbitrators" or "Mediators."**

- **Automotive Repair, Smog Check:** The **California Bureau of Automotive Repair** (also known as BAR) offers a free mediation service for consumers who are dissatisfied with an auto repair or a smog check, or who dispute an invoice for such services. BAR registers and regulates California automotive repair facilities and licenses smog, lamp, and brake inspection stations. Learn more at http://smogcheck.ca.gov/smogweb/geninfo/otherinfo/mediation.htm or call 800-952-5210.

- **Burglar Alarm Companies, Cemetery/Funeral, Electronic and Appliance Repair, Firearms/Baton Training Facilities/Instructors, Home Furnishings and Thermal Insulation, Locksmith Companies, Private Investigators, Private Patrol Operators, Repossession Agencies, Security Guards:** The **California Department of Consumer Affairs** offers a complaint mediation program for all consumer complaints filed against California businesses regulated in the areas of: cemetery and funeral, electronic and appliance repair, home furnishings and thermal insulation, and security and investigative services. Learn more at http://www.complainthelp.dca.ca.gov or call 800-952-5210.

- **Attorney Fees:** The **State Bar of California** administers a mandatory fee arbitration program to resolve attorney fee disputes between lawyers and their clients. The program is an informal, low-cost forum and is mandatory for a lawyer if a client requests it. Mediation of attorney fees disputes may also be available in some areas of California. Learn more at http://www.calbar.org/2bar/3arb/3arbndx.htm or call 415-538-2020.

# EXHIBIT E

FILED
2/9/2023 10:41 AM
Nocona Soboleski, Clerk of Court
Superior Court of the State of California
County of Kings

Sandra Acevedo

Joshua M. Henderson (State Bar No. 197435)
Gokalp Y. Gurer (State Bar No. 311919)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: Joshua.Henderson@jacksonlewis.com
E-mail: Gokalp.Gurer@jacksonlewis.com

Attorneys for Defendants
EL REY SUPERMERCADO, SAIF HUSSEIN
AND FATHI HUSSEIN

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF KINGS

| | |
|---|---|
| ASHLEY GOMEZ,<br><br>            Plaintiff,<br><br>     v.<br><br>EL REY SUPERMERCADO; a California corporation, SAIF HUSSEIN, an individual, FATHI HUSSEIN, an individual, and DOES 1 through 50, inclusive,<br><br>            Defendants. | Case No. 22C-0448<br><br>**DEFENDANTS' ANSWER AND DEFENSES TO COMPLAINT FOR DAMAGES**<br><br>Complaint Filed:   12/22/2022<br>Trial Date:          None set |

Defendant EL REY SUPERMERCADO, Defendant SAIF HUSSEIN, and Defendant FATHI HUSSEIN (collectively "Defendants") hereby answer Plaintiff ASHLEY GOMEZ's (hereinafter "Plaintiff" or "Gomez") Complaint as follows:

## **GENERAL DENIAL**

Pursuant to section 431.30(d) of the California Code of Civil Procedure, Defendants deny, generally and specifically, each and every allegation contained in Plaintiff's Complaint. Defendants further deny, generally and specifically, that Plaintiff incurred any injury or damages whatsoever as a result of Defendants' alleged conduct.

///

Electronically filed by Superior Court of California, County of Kings,2/10/2023 8:42 AM ,Sandra Acevedo

1

## AFFIRMATIVE AND OTHER DEFENSES

2      In addition, Defendants assert the following affirmative and other defenses:

3

## FIRST DEFENSE

4      *(At-Will Employment – First through Eighth Causes of Action)*

5      Any recovery on Plaintiff's Complaint, and each purported cause of action alleged therein,

6 related to her separation from employment is barred in whole or in part because Plaintiff was

7 employed at-will pursuant to Labor Code § 2922, and she cannot establish an exception to

8  the at-will doctrine.

9

## SECOND DEFENSE

10 *(Legitimate, Non-Discriminatory Reason / Same Decision – First through Eighth Causes of*

11 *Action)*

12      Plaintiff's Complaint is barred, in whole or in part, because all decisions and acts by

13 Defendants that pertained to Plaintiff's employment occurred for legitimate, non-discriminatory

14 reasons or, alternatively, assuming *arguendo* that discriminatory reasons were motivating factors

15 in any employment decisions toward Plaintiff, Defendants would have made the same employment

16 decisions toward Plaintiff in any case for legitimate, non-discriminatory business reasons.

17

## THIRD DEFENSE

18      *(Avoidable Consequences – First through Eighth Causes of Action)*

19      Plaintiff's Complaint, and each purported cause of action alleged therein, is barred because,

20 to the extent that any actions of Defendants could be construed as unlawful discrimination,

21 retaliation or harassment (all of which Defendants deny), Defendants exercised reasonable care to

22 prevent such conduct and would have taken immediate and appropriate corrective action to remedy

23 and stop any such alleged misconduct if Plaintiff had informed Defendants about the alleged

24 misconduct.  However, Plaintiff failed to utilize the preventive or corrective remedies provided by

25 El Rey Supermercado and failed to otherwise avoid such harm.  Plaintiff's claims are therefore

26 barred in whole or limited in part by the doctrine of avoidable consequences.

27 ///

28 ///

DEFENDANTS' ANSWER AND DEFENSES TO COMPLAINT FOR DAMAGES

1

**FOURTH DEFENSE**

2

*(Statutes of Limitations – All Causes of Action)*

3   Plaintiff's Complaint is barred, in whole or in part, to the extent Plaintiff failed to comply

4   with applicable statutes of limitation, including, but not limited to, California Government Code

5   §§ 12940, 12960, and 12965 *et seq.*, California Code of Civil Procedure §§ 335.1, 338, 340, and

6   42 U.S.C. § 2000e-5.

7

**FIFTH DEFENSE**

8

*(Workers' Compensation Preemption – First through Eighth Causes of Action)*

9   Plaintiff's Complaint and each purported cause of action alleged therein is preempted and

10   barred in whole or in part because, to the extent Plaintiff alleges emotional or physical injury, this

11   Court lacks jurisdiction and any recovery is barred by the California Workers' Compensation Act's

12   exclusive remedy doctrine.  (Cal. Lab. Code §§ 3602, *et seq.*)

13

**SIXTH DEFENSE**

14

*(Management Discretion – First through Eighth Causes of Action)*

15   Plaintiff's Complaint, and each and every cause of action alleged therein, is barred in that

16   Defendants' actions were a just and proper exercise of management discretion, undertaken for a

17   fair and honest reason regulated by good faith under the circumstances then existing, and based on

18   legitimate, non-discriminatory and non-retaliatory reasons.

19

**SEVENTH DEFENSE**

20

*(After-Acquired Evidence – First through Eighth Causes of Action)*

21   Plaintiff's Complaint, and each purported cause of action alleged therein, is barred or

22   limited to the extent Plaintiff engaged in any fraud or misconduct which, if known, would have

23   caused her not to be hired or to have her employment terminated.

24

**EIGHTH DEFENSE**

25

*(Failure to Use Ordinary Care and Diligence – First through Eighth Causes of Action)*

26   Defendants are informed and believe and thereon allege that any recovery on Plaintiff's

27   Complaint, or each purported cause of action alleged therein, is barred by California Labor Code

28   sections 2854 and 2856 in that Plaintiff failed to use ordinary care and diligence in performing her

duties, failed to comply substantially with El Rey Supermercado's reasonable directions, and failed to satisfactorily perform her job responsibilities and otherwise conduct herself in accordance with El Rey Supermercado's standards and policies.

**NINTH DEFENSE**

*(Failure to Mitigate – First through Eighth Causes of Action)*

Plaintiff had a duty to take reasonable steps to mitigate or avoid her damages.  To the extent that Plaintiff failed to take such steps, she is barred in whole or in part from recovering damages in this action, if any.

**TENTH DEFENSE**

*(Punitive Damages Not Recoverable – All Causes of Action)*

Plaintiff's claims for exemplary and punitive damages are barred in that Plaintiff has failed to raise sufficient allegations of malice, oppression or fraud and has failed to raise sufficient allegations to comply with the requirements of California Civil Code § 3294.

**ELEVENTH DEFENSE**

*(Equitable Defenses – All Causes of Action)*

Any recovery on Plaintiff's Complaint is barred by the equitable doctrines of waiver, laches, unclean hands, and estoppel.

**TWELFTH DEFENSE**

*(Offset – First through Eighth Causes of Action)*

Defendants are entitled to offset for any monies received by Plaintiff from any source in compensation for any alleged economic damages and non-economic damages under the common law doctrine of offset and under the doctrine prohibiting double recovery set forth under *Witt v. Jackson* (1961) 57 Cal.2d 57 and its progeny.

**THIRTEENTH DEFENSE**

*(Failure to State a Cause of Action – All Causes of Action)*

Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants upon which relief may be granted.

**FOURTEENTH DEFENSE**

*(Contributory Fault – All Causes of Action)*

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's own contributory and/or comparative fault.

**FIFTEENTH DEFENSE**

*(Failure to Exhaust Administrative Remedies – First through Seventh Causes of Action)*

Any recovery on Plaintiff's Complaint is barred because Plaintiff failed to exhaust her administrative remedies and/or failed to bring a timely administrative charge as to Defendants.

**SIXTEENTH DEFENSE**

*(Claims Exceed Scope of Charge – First through Seventh Causes of Action)*

Plaintiff's claims are barred to the extent that the events alleged in the Complaint exceed the scope of any administrative charge or complaint filed on her behalf with the California Department of Fair Employment and Housing or the United States Equal Employment Opportunity Commission.

**SEVENTEENTH DEFENSE**

*(Unconstitutional on its Face – All Causes of Action)*

California Civil Code Section 3294, relating to the imposition of punitive or exemplary damages, is invalid on its face, or as applied to Defendants in this action, pursuant to Article I, Section 10, Article IV, Section 2, and the Eighth and Fourteenth Amendments to the Constitution of the United States, and Articles I and IV of the California Constitution.

**EIGHTEENTH DEFENSE**

*(Ratification – All Causes of Action)*

The claims set forth in the Complaint are barred because any conduct by Defendants was ratified by Plaintiff.

**NINETEENTH DEFENSE**

*(Employment Decisions Contrary to Employer's Policies – First through Seventh Cause of Action)*

Plaintiff's claims for exemplary damages are barred by Defendants' adoption, publication,

5

DEFENDANTS' ANSWER AND DEFENSES TO COMPLAINT FOR DAMAGES

Case No. 22C-0448

1 | and enforcement of a policy against discrimination, harassment and retaliation.

## TWENTIETH DEFENSE

*(Good Faith Dispute – Tenth Cause of Action)*

There was a good faith dispute as to whether Plaintiff was entitled to additional compensation upon the cessation of her employment, and/or overtime or other wage payments, and Defendants are therefore not liable for penalties under Labor Code Section 203.

## TWENTY-FIRST DEFENSE

*(Reservation of Additional Defenses)*

Because Plaintiff's Complaint is couched in broad and conclusory terms, Defendants cannot fully anticipate all defenses that may be applicable to this action. Accordingly, Defendants hereby reserve the right to assert additional defenses, if and to the extent that such defenses are applicable.

**WHEREFORE**, Defendants pray for judgment as follows:

1.     That Plaintiff takes nothing by reason of her Complaint on file herein;

2.     That the Complaint be dismissed in its entirety with prejudice;

3.     That Defendants recover their costs and attorneys' fees incurred herein; and

4.     For such other and further relief as the Court may deem just and proper.

Dated:  February 9, 2023

JACKSON LEWIS P.C.

By: _____

Joshua M. Henderson
Gokalp Y. Gurer
Attorneys for Defendants
EL REY SUPERMERCADO
SAIF HUSSEIN
FATHI HUSSEIN

1  **PROOF OF SERVICE [CCP § 1010.6, CRC rules 2.250-2.261 and Local Rule 125]**

2      I, Larry Nelson, declare that I am employed with the law firm of Jackson Lewis P.C., whose

3  address is 50 California Street, 9ᵗʰ Floor, San Francisco, California 94111-4615; I am over the age

4  of eighteen (18) years and am not a party to this action.

5      On February 9, 2023, I caused to be e-served the attached **DEFENDANTS' ANSWER**

6  **AND DEFENSES TO COMPLAINT FOR DAMAGES** in this action by uploading a true and

7  correct copy thereof, in PDF format, for electronic filing and service by First Legal (a court-

8  approved Electronic Filing Service Provider), pursuant to Code of Civil Procedure § 1010.6, CRC

9  rules 2.250-2.261 and Local Rule 125.  Said document to be filed with the Court and e-served on

10  counsel of record, whose contact information is as follows:

11  Christopher L. Ludmer, Esq.             Attorney for Plaintiff
C L LUDMER, A Law Corporation
12  11440 W. Bernardo Court, Ste. 300      ASHLEY GOMEZ
San Diego, California 92127
13  Tel. (619) 332-3370
E-mail:  chris@clludmer.com

14

15      I declare under penalty of perjury, under the laws of the State of California, that the above

16  is true and correct.

17      Executed on February 9, 2023, at San Francisco, California.

18

19

20                                  Larry Nelson

21

22

23

24

25

26

27

28