# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY GOMEZ,<br><br>     Plaintiff,<br><br>     v.<br><br>EL REY SUPERMERCADO, et al.,<br><br>     Defendants. | Case No.  1:23-cv-00203-JLT-SAB<br><br>ORDER EXTENDING TIME FOR DISPOSITIONAL DOCUMENTS TO BE FILED<br><br>(ECF No. 10) |

On April 18, 2023, the parties notified the Court that they reached a resolution and were finalizing the settlement terms. (ECF No. 6.) On April 19, 2023, the Court vacated all pending matters and dates and ordered the parties to file dispositional documents no later than May 9, 2023. (ECF No. 7.) On May 9, 2023, Plaintiff dismissed Defendant Hussein from the action, but the parties requested an extension of time to file the dispositional documents, on the basis that there were questions as to whether Defendant Hussein was a properly named defendant in this action and there were delays in obtaining all required signatures to the settlement agreement. (ECF No. 8.) The Court granted the requested extension, extending the deadline to file dispositional documents to May 23, 2023. (ECF No. 9.)

On May 22, 2023, the parties filed another stipulated request for an extension of time to

1

1 file dispositional documents. (ECF No. 10.) This time, the parties proffer that the settlement
2 agreement was executed on May 12, 2023, and the settlement checks were mailed via USPS
3 around May 15, 2023; however, the settlement checks were mailed via regular mail and not
4 overnight mail. The parties proffer an extension to file dispositional documents is required
5 because "the Parties are unable to file dispositional documents with this Court until the settlement
6 checks arrive." (Id. at 1–2.) The Court disagrees.

As the Court cautioned the parties in its prior order granting an extension of time to file the dispositional documents,

> no further extensions [will] be granted absent a strong showing of good cause. Furthermore, the parties are reminded that requests to extend filing deadlines that are made on the eve of a deadline will be looked upon with disfavor and may be denied absent a showing of good cause for the delay in seeking an extension….

(ECF No. 9 at 2.) Here, filing a second extension request the day before the filing deadline constitutes a filing "made on the eve of a deadline." However, the only "cause" the parties appear to provide for seeking an extension on the eve of their filing deadline—and in support of their request for an extension of time— is that the settlement checks have not yet been received. To this point, the parties are reminded that, once the terms of a settlement agreement are finalized and the settlement agreement is signed by the parties, the Court generally does not retain jurisdiction to oversee that the parties comply with the terms of the settlement, absent a properly-noticed motion seeking such relief (which has not been filed here).

Nonetheless, in the interests of promoting case resolution, the Court will grant a final extension to file the dispositional documents. The parties are advised, however, that the Court is not inclined to grant a third extension in this matter.

///
///
///
///
///
///
///

Accordingly, IT IS HEREBY ORDERED that the parties SHALL FILE dispositional documents **no later than June 6. 2023**. Failure to comply with the Court's order will result in the imposition of sanctions, including monetary sanctions against all parties and their attorneys of record and dismissal of this action.

IT IS SO ORDERED.

Dated:   **May 22, 2023**

UNITED STATES MAGISTRATE JUDGE